IN RE APPLICATION OF JOHN H. ELLIS, JR., AND WIFE, FRANCES N.
ELLIS, BY FRED D. CURL, AGENT, FOR SPECIAL EXCEPTION UNDER
THE GUILFORD COUNTY ZONING ORDINANCE

No. 1

(Filed 16 December 1970)

1. Constitutional Law § 15; Counties § 5; Municipal Corporations § 30 —
power to zone — constitutional limitation

Power to zone rests originally in the General Assembly, but this
power is subject to the constitutional limitation forbidding arbitrary
and unduly discriminatory interference with the right of property
owners.

2. Constitutional Law § 8; Counties § 5; Municipal Corporations § 30 —
delegation of power to county or city

The General Assembly cannot delegate to a city or county more
extensive power than it possesses.

3. Constitutional Law § 11; Counties § 5; Municipal Corporations § 30 —
right to use private property for lawful purpose

Neither the legislature by statute nor a municipal corporation by
ordinance or resolution nor an administrative board exercising dele-
gated police powers may arbitrarily or capriciously restrict an owner's
right to use his property for a lawful purpose.

4. Counties § 5; Municipal Corporations § 30— zoning ordinance — defini-
tion of special exception

A special exception within the meaning of a zoning ordinance is
one which is expressly permitted in a given zone upon proof that certain
facts and conditions detailed in the ordinance exist; it is granted by
the board, after a public hearing, upon a finding that the specified
conditions have been satisfied.

5. Counties § 5— county zoning ordinance — special exceptions — G.S.
153-266.10

G.S. 153-266.10 does not purport to confer more power upon the
county commissioners to grant special exceptions under a county zoning
ordinance than the commissioners could delegate to the board of ad-
justment.

6. Counties § 5— special-exception permit for mobile home park — denial
by board of adjustment or county commissioners

Neither the board of adjustment nor the board of county commis-
sioners can deny a special-exception permit for a mobile home park in
its unbridled discretion or refuse the permit solely because, in its view,
a mobile home park would "adversely affect the public interest."

7. Counties § 5— denial of special-exception permit for mobile home park
— arbitrariness

The board of county commissioners acted arbitrarily in denying
an application for a permit to establish a mobile home park as a special

exception under the county zoning ordinance where applicants had complied with the regulations of the county board of health and had met all other ordinance requirements, there being no finding or suggestion in the evidence that the mobile home park would create special hazards of any kind.

APPEAL by applicants from *Crissman, J.,* 19 January 1970 Session of GUILFORD, certified pursuant to G.S. 7A-31(a) for review by the Supreme Court before a determination by the Court of Appeals.

Application for a permit to establish a mobile-home park as a special exception under the Guilford County Zoning Ordinance. Applicants appeal from a judgment of the Superior Court affirming the refusal of the Board of County Commissioners to issue the permit.

*Turner, Rollins, Rollins & Suggs by Elizabeth O. Rollins for applicants Ellis, appellants.*

*Ralph A. Walker; W. B. Trevorrow, for defendant appellee.*

SHARP, Justice.

Applicants, Mr. and Mr. John H. Ellis, Jr., own a tract of land containing 11.85 acres in Jefferson Township, Guilford County. The county's comprehensive zoning ordinance (ordinance) locates this property in a R-20 zoning district, which is "primarily for single-family residences with provisions for two-family and multi-family residences on large lots." Ordinance § 1-3. The declared purpose in R-20 districts is "to encourage the construction of and the continued use of land for residential purposes; to prohibit commercial and industrial uses of land and to prohibit any other use which would substantially interfere with the development of land for residential purposes in the district; to encourage the discontinuance of existing uses that would not be permitted as new uses in the districts; and to insure that residential development, not having access to a public water supply and dependent upon septic tanks and outdoor privies for sewage disposal, will occur at densities low enough to insure a healthful environment." Ordinance § 5-2A.

Ordinance § 3-10 provides that, subject to certain specified conditions, "a mobile home park may be established as a special

exception in certain districts as prescribed by Article IV of the ordinance." Among the conditions is the requirement that the applicant submit a site plan which meets the detailed specifications for the establishment and use of the park contained in Ordinance § 3-10 A-M and also any other "reasonable and appropriate conditions or requirements necessary to accomplish the purpose of this ordinance" which the board of adjustment might impose. Ordinance § 3-10 N. Finally, the board of adjustment must approve the plan and grant the special exception.

Article IV of the ordinance permits mobile-home parks in R-20 districts subject to the provisions of Ordinance § 6-13B and operation "in accordance with the provisions of Section 3-10 and the Guilford County Board of Health's regulations relating to the establishment and operation of mobile homes."

On 24 April 1969 applicants petitioned the board of adjustment of Guilford County for a permit to establish a mobile-home park containing 33 spaces on their 11.85-acre tract. It is stipulated that applicants have complied with Section 3-10 and that they have satisfied every specific requirement of the ordinance. At the time the application was filed Ordinance § 6-13B provided, *inter alia,* that the board of adjustment could not grant a special exception until, after fifteen days notice and advertisement, it had held a public hearing and then made findings that (1) it had authority to grant the special exception applied for, and (2) its granting of the special exception would "not adversely affect the public interest." These last two requirements were contained in Ordinance § 6-13B(4). However, requirement (2) was invalidated on 12 March 1969 by the decision of this Court in *Jackson v. Board of Adjustment,* 275 N.C. 155, 166 S.E. 2d 78.

In *Jackson,* the board of adjustment had issued a special-exception permit for a mobile-home park over the protest of the plaintiffs. On appeal protestants asserted that the provision of the ordinance purporting to confer authority upon the board to grant a special exception was a delegation of legislative power in contravention of N. C. Const., Art. II § 1. We held that a property owner's right to a special-exception permit cannot be made to hinge upon whether the board considers the proposed structure beneficial or harmful to the community. Such power would subject the board to the pressures of individuals or groups who, for an infinite variety of reasons, might oppose the

permit, and enable it to make a different rule of law in every case. G.S. 153-266.17, which empowers the commissioners to authorize the board of adjustment to permit special exceptions "in the classes of cases or situations and in accordance with the principles, conditions, safeguards, and procedures specified in the ordinance," does not purport to confer such unbridled discretion upon it.

In *Jackson,* however, we upheld the issuance of the permit. The ordinance specifically declares that the invalidity of any portion of it shall not affect the validity of remaining portions. Thus, the applicant, who had complied with the specific requirements of Ordinance § 3-10 A-M and the additional requirements which the board of adjustment imposed as being reasonably necessary to accomplish the declared purposes of the ordinance, was entitled to the special-exception permit.

On 28 April 1969, four days after appellants in this case had filed their application with the board of adjustment, the county commissioners adopted the following resolution without complying with the procedure for amendments prescribed in Ordinance §§ 6 and 7.

"RESOLUTION OF COUNTY COMMISSIONERS

"WHEREAS. The Board of Adjustment of Guilford County has heretofore held public hearings and determined public interest in connection with special exceptions under the Guilford County Zoning Ordinance; and

"WHEREAS, the Supreme Court of North Carolina has recently held that the Board of Adjustment does not have the authority to determine public interest and consider this as a part of their decision in special exception cases; and

"WHEREAS, Guilford County Board of Commissioners feels that public interest should be heard and considered in all questions involving a special exception to the Guilford County Zoning Ordinance; and

"WHEREAS, Guilford County Board of Commissioners desires that all cases involving special exceptions be referred to the Board of County Commissioners in order that public hearings may continue to be held;

"NOW, THEREFORE, BE IT RESOLVED:

"1. That the Board of County Commissioners do hereby

declare until further notice that it will hear all requests for special exceptions under Guilford County Zoning Ordinance;

"2. That the proper officials shall give notification and advertise that a public hearing will be held and a decision made by the Guilford County Board of Commissioners;

"3. That where in the Zoning Ordinance the Board of Adjustment is referred to in connection with special exceptions, the Board of County Commissioners shall be substituted instead until further notice;

"4. That this resolution shall be effective with all requests for special exceptions that have not previously to this date been determined and ruled upon by the Guilford County Board of Adjustment.

"The foregoing resolution was adopted by the Board of County Commissioners of Guilford County on April 28, 1969."

On 26 May 1969, after due notice, the commissioners held a public hearing on appellants' application. At the hearing a number of landowners and residents within a half-mile radius of appellants' property opposed the application on the ground that a mobile-home park would depreciate land values and would, therefore, be detrimental to the community. At the conclusion of the hearing the commissioners denied the application without stating any reason and without making any findings whatever.

The Superior Court, upon appellants' application, issued its writ of *certiorari* to review the action of the commissioners, and the matter was heard by Judge Crissman. He concluded as a matter of law "that the County Board of Commissioners had the authority to grant such an application for a special exception, but at the same time had the authority to deny such an application." He rendered judgment affirming the commissioners' denial of the permit and dismissing the writ of *certiorari*. Petitioners appealed to the Court of Appeals and moved this Court to certify the cause for review prior to its determination by that Court. The motion was allowed.

Appellants present three questions: (1) Could the board of county commissioners substitute itself for the board of adjustment to consider all applications for special-exception permits authorized by the zoning ordinance? (2) If so, did the resolution of 28 April 1969, which was not adopted in accordance

with ordinance requirements for amendments, accomplish this purpose? (3) In any event, did the commissioners exceed their authority in denying appellants' application for a permit to construct a mobile-home park?

The resolution of 28 April 1969, by which the county board of commissioners purported to substitute itself for the board of adjustment in all cases involving applications for special exceptions because it "feels that the public interest should be heard and considered in all questions involving a special exception to the Guilford County Zoning Ordinance," clearly reveals that the commissioners have misconstrued our decision in *Jackson v. Board of Adjustment, supra.* Obviously, they have interpreted the decision to mean that, although the commissioners cannot delegate to the board of adjustment authority to grant or refuse a permit for a mobile-home park (or other special-exception permit) according to its notion of the public interest, the commissioners themselves, as the law-making body, do possess such power. We did not so hold.

[1-3] Power to zone rests originally in the General Assembly, but this power is subject to the constitutional limitation forbidding arbitrary and unduly discriminatory interference with the right of property owners. Clearly, therefore, the General Assembly cannot delegate to a city or county more extensive power than it possesses. *Zopfi v. City of Wilmington,* 273 N.C. 430, 160 S.E. 2d 325; *Schloss v. Jamison,* 262 N.C. 108, 136 S.E. 2d 691. Neither the legislature by statute nor a municipal corporation by ordinance or resolution nor an administrative board exercising delegated police powers may arbitrarily or capriciously restrict an owner's right to use his property for a lawful purpose. *Pierce v. Incorporated Town of La Porte City,* 259 Iowa 1120, 146 N.W. 2d 907.

The rule has nowhere been better stated than in *State v. Tenant,* 110 N.C. 609, 14 S.E. 387, a case involving the validity of an ordinance which prohibited the construction or improvement of any building without the permission of the aldermen. In holding the ordinance void, the Court said: "[T]hough the law-making power can unquestionably create a municipal corporation and delegate legislative authority to it, it cannot clothe the creature with power to do what the Constitution prohibits the creator from doing. . . . It is equally clear that if an ordinance is passed by a municipal corporation which, upon its face, restricts the right of dominion which the individual might

otherwise exercise without question, not according to any general or uniform rule, but so as to make the absolute enjoyment of his own depend upon the arbitrary will of the governing authorities of the town or city, it is unconstitutional and void, because it fails to furnish a uniform rule of action and leaves the right of property subject to the despotic will of aldermen who may exercise it so as to give exclusive profits or privileges to particular persons." *Id.* at 612, 14 S.E. at 388. *Accord, Bizzell v. Goldsboro,* 192 N.C. 348, 135 S.E. 50; *Clinton v. Oil Co.,* 193 N.C. 432, 137 S.E. 183.

**[4-6]** A special exception within the meaning of a zoning ordinance is one which is expressly permitted in a given zone upon proof that certain facts and conditions detailed in the ordinance exist. It is granted by the board, after a public hearing, upon a finding that the specified conditions have been satisfied. *Stacy v. Montgomery County,* 239 Md. 189, 210 A. 2d 540; *Kraemer v. Zoning Board of Review of the City of Warwick,* 98 R.I. 328, 201 A. 2d 643; *Tustin Heights Ass'n v. Board of Supervisors,* 170 Cal. App. 2d 619, 339 P. 2d 914; 2 Anderson, American Law of Zoning § 14.03 (1968); 1 Yokley, Municipal Corporations §§ 184, 185 (1956). G.S. 153-266.10, which authorizes the board of county commissioners by regulation to provide "that the board of adjustment *or the board of county commissioners* may issue special use permits or conditional permits in the classes of cases or situations and in accordance with the principles, conditions, safeguards, and procedures specified" (emphasis added) in the zoning ordinance, did not purport to confer more power upon the commissioners to grant special exceptions than the commissioners could delegate to the board of adjustment. Like the board of adjustment, the commissioners cannot deny applicants a permit in their unguided discretion or, stated differently, refuse it solely because, in their view, a mobile-home park would "adversely affect the public interest." The commissioners must also proceed under standards, rules, and regulations, uniformly applicable to all who apply for permits.

In *Pierce v. Incorporated Town of La Porte City, supra,* the Supreme Court of Iowa dealt with a situation equivalent to the one we consider here. In declaring unconstitutional an ordinance which provided that the city council would grant or deny licenses for trailer parks "according to its sound discretion," the court pointed out that, in the absence of standards, the council could "deny any applicant a license for a good reason,

for a bad reason, or for no reason." In effect they were in a position to exercise their discretion arbitrarily. "[A]nd," said the court, "so far as the record shows that is the way they have exercised it. They denied the license to plaintiff without explanation . . . [I]n so doing they demonstrated the (ordinance's) offense against the due process clauses of the federal and state constitutions." *Id.* at 910. *Accord, Wood v. Peckham,* 80 R.I. 479, 98 A. 2d 669; *Drexel v. City of Miami Beach,* 64 So. 2d 317 (Fla.).

[7] On the record before us the commissioners have arbitrarily refused a permit to applicants. It is stipulated that applicants have met all ordinance requirements, one of which is that they comply with the regulations of the county board of health. There is no suggestion that the establishing of this mobile-home park would create special hazards of any kind.

Since appellants' third question requires an affirmative answer, discussion of the first two questions is unnecessary. In view of this decision it would be futile for the board of county commissioners to attempt hereafter to substitute itself for the board of adjustment with reference to the issuance of special-exception permits.

The judgment of Crissman, J., is reversed, and the cause is remanded to the Superior Court for entry of judgment directing the commissioners to issue the special-exception permit for which appellants applied.

Reversed.