CAROLINA RESTAURANTS, INC. v. THE CITY OF KINSTON, SIMON C. SITTERSON, JAMES W. WARD, MANSFIELD H. CREECH, DUDLEY D. FOSTER, W. C. DORTCH AND TONY MALLARD

No. 768SC882

(Filed 16 March 1977)

Constitutional Law § 12; Municipal Corporations § 29— business licenses — unbridled discretion of city council — unconstitutionality

A city ordinance giving the city council unbridled discretionary authority to grant or deny a license for the operation of a restaurant, lunch counter, pressing club, moving picture show or market in the city is unconstitutional.

APPEAL by defendants from *Cowper, Judge.* Judgment entered 30 August 1976 in Superior Court, LENOIR County. Heard in the Court of Appeals 10 February 1976.

Plaintiff applied to the City of Kinston, pursuant to Section 14-16 of its Code of Ordinances, for a license to operate a restaurant. The property is zoned B-1 and the operation of a restaurant is a permitted use in the B-1 zone.

Defendants, at their regularly scheduled City Council meeting on 15 March 1976, after notice, held a public hearing on plaintiff's license application pursuant to Section 14-16 of its Code of Ordinances. Defendants voted to deny the application. They made no findings of fact to indicate the basis of the decision.

Plaintiff brought this action for a preliminary injunction and a permanent order restraining defendants from enforcing Section 14-16 of the Code. Plaintiff contends that the section of the Code is unconstitutional.

The parties stipulated that there were no disputed questions of fact and that only questions of law were presented to the judge for resolution. Among other things, the parties stipulated that the property is located in an area where there are existing businesses including "restaurants, laundry, drive-in restaurants, paint store, shoe store, service stations, book store, convenience stores, funeral home, boat repair shop, donut shop, banks, insurance and real estate offices."

Article II, Section 14-16 of the City Code is as follows:

"(a) Any person desiring to engage in any business, trade or vocation hereinafter enumerated in this section

shall, at least one (1) week before final action is to be taken upon his application filed with the City Clerk pursuant to Section 14-8 of this Chapter, apply in writing to the City Council for a license so to do, and must state in the application the name of the owner of the business, or if the owner thereof be a firm, the names of all the members of the firm, or if the owner be a corporation, the name of the manager of the business.

(b) The businesses or vocations to which this section applies are as follows:

(1) Restaurants

(2) Lunch counters

(3) Pressing clubs

(4) Moving picture shows

(5) Markets

(c) No license shall be granted for any business enumerated in this section unless the Council shall be satisfied that the applicant for same is of good moral character, or, if the applicant be a corporation, that the proposed manager is a man of good moral character and the place proposed for the business is a suitable place; and the Council in its discretion may refuse to grant a license for any business or vocation heretofore enumerated, and after having granted the license, the Council may revoke the same, when in its judgment the revocation will be best for the good order of the city, or when it shall be satisfied that the licensee has violated any ordinance now in force or which may hereafter be passed by the Council relating to such business; provided, that whenever the license is revoked, the ratable part of the license tax shall be returned to the person who paid the same; provided further, that any license granted for any business or vocation enumerated in this section shall not be valid at any place other than the one designated in the application; and provided further, that all places of business above mentioned shall be subject to inspection at any time by the Chief of Police or any other officer of the City. (Code 1946, Ch. 10, Sec. 14)."

After consideration of the pleadings as stipulated facts, the judge came to the following conclusions:

"Upon consideration of the foregoing undisputed findings of fact the court concludes and adjudicates that Section 14-16 of the Kinston Code is arbitrary and capricious, and the same violates the provisions of Article 1, Section 19 of the constitution of the State of North Carolina and the Fourteenth Amendment to the Constitution of the United States of America in that it bestows unbridled discretionary power upon the City Council of the City of Kinston to grant or to refuse to grant a license to an individual, persons, associations, or corporation to engage in the business of operating a restaurant, lunch counter, pressing club, moving picture show, or market in the City of Kinston."

Judgment was then entered restraining defendants from enforcing the quoted section of the code and defendants appealed.

*Pittman, Staton & Betts, by Ronald L. Perkinson, for plaintiff appellee.*

*Vernon H. Rochelle, for defendant appellants.*

VAUGHN, Judge.

The trial judge was correct and the judgment is affirmed. The section of the code under attack is unconstitutional on its face. The ordinance *forbids* the council from granting any license until it is satisfied (1) that the applicant is of "good moral character" and (2) that the place proposed is a "suitable place" and then provides that the council in its discretion *may* refuse to grant a license for *any* business listed therein. In the absence of standards, therefore, the council could " 'deny any applicant a license for a good reason, for a bad reason, or for no reason.' In effect they were in a position to exercise their discretion arbitrarily. '[A]nd' . . . 'so far as the record shows that is the way they have exercised it. They denied a license to plaintiff without explanation . . . [I]n so doing they demonstrated the (ordinance's) offense against the due process clauses of the federal and state constitutions.' " *In re Application of Ellis,* 277 N.C. 419, 425, 426, 178 S.E. 2d 77.

Affirmed.

Judges MORRIS and MARTIN concur.