HARTS BOOK STORES, INC. PETITIONER-APPELLANT v. CITY OF RALEIGH,
CITY OF RALEIGH BOARD OF ADJUSTMENT, AND DALE BLOSSER,
CONRAD MILLER, HOWARD SATISKY, ROBERT L. JONES, DAVID
HAYWOOD, AND ROBERT E. CONNELL, JR., MEMBERS OF THE CITY OF
RALEIGH BOARD OF ADJUSTMENT, RESPONDENT-APPELLEES AND CLYDE
A. DILLON, III, DEBORAH ANN DILLON, JOHN ERIC DILLON, DAVID
M. LEWIS, AND ANNIE LEE HANSEN, INTERVENER-RESPONDENTS

No. 8010SC779

(Filed 15 September 1981)

**Municipal Corporations § 30.6— special use permit for adult book store**

A city board of adjustment exceeded its authority in denying an application for a special use permit for the operation of an adult book store on grounds that the proposed use was incompatible with the use of surrounding buildings, that there was a tavern in the same block which created problems and rowdiness, and that the board "felt" that the proposed use would be a detriment to the neighborhood. Rather, the board of adjustment should have granted the special use permit where petitioner produced substantial evidence that the building in which petitioner proposed to operate the book store met the parking, sign and distance requirements for issuance of the permit and no evidence to the contrary was presented.

APPEAL by petitioner from *Preston, Judge.* Judgment entered 11 June 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 4 March 1981.

Petitioner applied to the Raleigh Board of Adjustment for a special use permit, authorized by Raleigh City Code § 10-2073, to allow the operation of an adult bookstore. After a hearing at which petitioner offered evidence that the location of the proposed bookstore met the requirements for such permits set forth in Raleigh City Code § 10-2073(2)y, the Board denied the application, making the following findings of fact and conclusion of law:

Findings of Fact

1. This property is zoned Business-II.

2. There was opposition to this case.

3. [T]he character and use of buildings in the surrounding area are incompatible with the use of the applicant's business.

4. The neighbors opposed this on both sides of the block.

5. There is a tavern in this same block which creates problems and rowdiness.

Conclusions of Law

The Board felt that the granting of this request would be a detriment to the neighborhood.

Petitioner then filed a petition for writ of certiorari which was granted by the Wake County Superior Court. After a hearing the court entered judgment affirming the Board's denial of the application.

From this judgment, petitioner appeals.

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Michael K. Curtis, for petitioner appellant.*

*Thomas A. McCormick, Jr., for respondent appellee, the City of Raleigh.*

*Young, Moore, Henderson and Alvis, by J. Clark Brewer, for intervenor-respondent appellees.*

HILL, Judge.

Petitioner contends either (1) that the provisions of the Raleigh City Code requiring a special use permit for operation of an adult bookstore, as construed, are unconstitutional; or (2) that the Board of Adjustment and the superior court erred under North Carolina law in denying issuance of the permit. We hold that the Board erred under North Carolina law in denying the permit, and we thus do not reach the constitutional question.

Pursuant to G.S. 160A-382, the Raleigh City Council has enacted ordinances which divide the city into districts or zones regulated according to a comprehensive plan of use and development. Code of Ordinances of the City of Raleigh § 10-2001 *et seq.* (hereinafter cited as Code). Pursuant to G.S. 160A-381, the Council also has enacted an ordinance which provides for issuance by the Board of Adjustment of special use permits. Code § 10-2073. Section 10-2073 provides in pertinent part as follows:

SPECIAL USE EXCEPTIONS APPROVED
BY THE BOARD OF ADJUSTMENT

In order to provide for adjustment in the relative location of uses and buildings, of different classification, and for adjustment at and near district boundary lines, and to permit greater flexibility in the application of this chapter, the board of adjustment, as hereinafter established in section 10-2094, under uniform rules, standards, and regulations, set forth in this section and under general rules in this chapter, may make certain exceptions herein provided. Under this authority, the board shall determine the facts of a particular case and their applicability to the spirit and intent of this chapter and no permit for such uses and buildings shall be issued without the approval of the board. The nature and extent of the facts which the board shall consider and the rules which the city shall set up to guide the discretion herein conferred are not susceptible of precise definition, nor reduceable to any exact or final formula, but must be gathered from this application to the varying facts of actual cases as they arise, in order to promote the usefulness of this chapter as an instrument for fact finding, interpretation, application and adjustment, to supply the necessary elasticity to its efficient operation, and so as to determine the relation of the facts which determined the zone plan, to a particular location and use, as such facts and conditions are found, at the time of the application for the permit.

(1) Facts to be considered by the board. In passing on any case under the authority of this chapter and as a further guide to its decision upon the facts of the case, the board shall consider, among other things, the following facts insofar as they or any of them may relate thereto:

. . . .

b. The character and use of buildings and structures adjoining or in the vicinity of the property mentioned in the application.

. . . .

(2) Specific exceptions. In performing its functions and duties under this chapter, the board is authorized to permit buildings and uses limited as to location in the following cases;

. . . .

y. To permit an adult establishment in shopping center, neighborhood business, business, and industrial districts if the requirements of this section are met:

1. Off-street parking. Each facility shall provide off-street parking as required under section 10-2061.

2. Except for signs permitted under this chapter, advertisements, displays, or other promotional materials shall not be visible to the public from pedestrian sidewalks or walkways.

3. Over-concentration. Adult establishments which, because of their very nature, are recognized as having serious objectionable operational characteristics upon adjacent neighborhoods, particularly when they are concentrated. [Sic] Special regulation of these establishments is necessary to insure that these adverse effects will not contribute to the blighting or downgrading of the surrounding neighborhood. In order to prevent an over-concentration of adult establishments and the creation of a de facto downgrading or blighting of surrounding neighborhoods, no more than one (1) adult establishment in any 1,200 foot radius (determined by a straight line, and not street distance) shall be permitted.

4. Residential proximity. Adult establishments which, because of their very nature, are recognized as having serious objectionable operational characteristics, particularly when they are located near a residential zoning district. [Sic] Special regulation of these establishments is necessary to insure that these adverse effects will not contribute to a downgrading or blighting of surrounding residential districts, no adult establishment shall locate within a 500 foot radius (determined by a straight line and not street distance) of any residential zoning district.

The board of adjustment shall vary the radius requirements in subparagraphs 3. and 4. above when it finds that:

1. Practical difficulties or unnecessary hardships would result from the strict enforcement of the radius requirements;

2. The proposed use will not be injurious to nearby properties;

3. The proposed use will not enlarge or encourage the development of a "skid row" area;

4. The permitting of an adult establishment in the area will not be contrary to any governmental program of neighborhood conservation, rehabilitation, improvement or revitalization; and

5. All other applicable provisions of this chapter will be observed.

An adult bookstore constitutes "an adult establishment" under the Code. *See* Code § 10-2002 and G.S. 14-202.10.

A special use permit "is one issued for a use which the ordinance expressly permits in a designated zone upon proof that certain facts and conditions detailed in the ordinance exist." *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 467, 202 S.E. 2d 129, 135 (1974); *see also In re Application of Ellis*, 277 N.C. 419, 425, 178 S.E. 2d 77, 80 (1970).

When an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit, *prima facie* he is entitled to it. A denial of the permit should be based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record.

*Refining Co.*, 284 N.C. at 468, 202 S.E. 2d at 136. Petitioner here produced the testimony of a zoning inspector that the building in which petitioner proposed to operate the bookstore met the parking, sign, and distance requirements set out in Code section 10-2073(2)y 1-4. The inspector testified: "This particular location

meets all the criteria as set out in the Code." Petitioner thus produced substantial evidence of the facts and conditions required for issuance of the permit. No evidence to the contrary was presented. There was thus no basis for findings denying the permit, and the permit should have been granted.

The Board found as a fact "[t]hat the character and use of buildings in the surrounding area are incompatible with the use of the applicant's business." Apparently the Board interpreted Code section 10-2073(1)(b), requiring it to consider "[t]he character and use of buildings and structures adjoining or in the vicinity of the property mentioned in the application," as authorizing it to determine compatibility of the proposed use with the existing use of other buildings in the area. This interpretation was improper. " 'The inclusion of [a] particular use in [an] ordinance as one which is permitted under certain conditions, is equivalent to a legislative finding that the prescribed use is one which is in harmony with the other uses permitted in the district.' " *Woodhouse v. Board of Commissioners*, 299 N.C. 211, 216, 261 S.E. 2d 882, 886 (1980), *quoting from* A. Rathkopf, 3 *Law of Zoning and Planning*, 54-55 (1979). Thus, designation in the Code of an adult bookstore as a "special use" was the equivalent of a legislative finding that it was compatible with other uses permitted in a Raleigh business district. *See Woodhouse*, 299 N.C. at 211, 261 S.E. 2d at 882.

The Board also found as a fact that "there is a tavern in this . . . block which creates problems and rowdiness." The conditions in the Code for operation of an adult establishment contain no reference to proximity of taverns. Thus, the location of a tavern in the same block as the proposed use had no relevance to whether petitioner was entitled to the permit.

The Board concluded that it "felt that the granting of [petitioner's] request would be a detriment to the neighborhood." To condition the grant of a special use permit on the opinion of a board as to whether the use "would be desirable or undesirable, beneficial to the community or harmful to it," would be "a delegation of the power to make a different rule of law, case by case"; and "[t]his power may not be conferred . . . upon an administrative officer or board." *Jackson v. Board of Adjustment*, 275 N.C. 155, 165, 166 S.E. 2d 78, 85 (1969). The Board's denial of

petitioner's application because it "felt" the bookstore would be "detrimental to the neighborhood" was therefore improper.

The interpretation given the Code by the Board allowed it to deny petitioner's application in its unguided discretion. Such denial constitutes "an unlawful exercise of legislative power by the Board . . . in violation of Article II, Section 1, of the Constitution of North Carolina." *Keiger v. Board of Adjustment*, 278 N.C. 17, 23, 178 S.E. 2d 616, 620 (1971). In basing its decision on findings that the proposed use was incompatible with the use of surrounding buildings and that a tavern was located nearby, and on a conclusion that it "felt" that the proposed use would be a detriment to the neighborhood, the Board exceeded its authority.

The judgment is reversed, and the cause is remanded for entry of judgment directing the Board of Adjustment to issue the special use permit.

Reversed and remanded.

Judges MARTIN (Robert M.) and ARNOLD concur.