BONNIE SCHAEFER and ROBERT D. BEVAN, III, Petitioners-Appellants
v.
TOWN OF HILLSBOROUGH, a North Carolina Municipality and its Board of Adjustment, Respondent-Appellee
No. COA08-796
Court of Appeals of North Carolina
Filed August 4, 2009
This case not for publication
Brown & Bunch, PLLC, by LeAnn Nease Brown, for petitioners-appellants.
The Brough Law Firm, by Robert E. Hornik, Jr., for respondent-appellee.
CALABRIA, Judge.
Bonnie Schaefer and Robert D. Bevan, III, ("petitioners") appeal the trial court's order affirming the denial of their application for a conditional use permit. We reverse.
Petitioners own 2.74 acres of land located in the Historic District of Hillsborough, North Carolina ("the Property"). The Property is zoned R-20, Medium Intensity Residential. Such a classification permits the development of single and two family residences. Additional zoning requirements limit the number of permitted dwelling units on the Property to 5.9 units. In order to increase this density, on 18 July 2007, petitioners submitted an application to the Hillsborough Board of Adjustment ("BOA"), pursuant to the Town of Hillsborough Zoning Ordinance ("the Ordinance"), for a conditional use permit that would grant them a "density bonus" on the Property. It was the intent of the petitioners to construct five duplexes, or a total of ten dwelling units, on the Property. Under the Ordinance, a maximum of eleven dwelling units could be constructed on the Property if it were granted a density bonus. The application met each of the objective size and lot requirements of the Ordinance.
On 8 August 2007, a public hearing was held regarding petitioners' application. Many residents spoke during the hearing regarding the project. Most spoke in opposition to the project, with the major concern being the impact of the new development on the surrounding area. Due to the significant amount of interest in petitioners' application, the hearing was continued until 12 September 2007.
At the 12 September 2007 hearing, petitioners provided additional information regarding the proposal as requested by the BOA. Again, neighbors spoke in opposition to the development, citing the same concerns over the potential negative impact of the development on the character of the surrounding area. During this hearing, the BOA acknowledged that the Property, without a conditional use permit, could be subdivided into five lots with five homes of the same mass and scale as the five duplexes in the application.
At the end of the 12 September 2007 hearing, the BOA denied the conditional use permit by a 3-2 vote. On 10 October 2007, an "Order for Denial of Conditional Use Permit for a Density Bonus for Attached Dwellings" was mailed to petitioners. The order stated the basis for denial was that the proposal was not in compliance with the Ordinance, §4.3(d). The BOA had determined that the proposal did not conform "with the general plans for the physical development of the Town as embodied in these regulations or in the Comprehensive Plan . . . ." Specifically, the order stated the proposed development violated §4.3(d) because (1) the proposed development was deemed to be out of character with the existing structures and uses of the area; and (2) the proposal would violate two goals of Hillsborough's Vision 2010 Plan. Hillsborough's Vision 2010 Plan, which was adopted by the Town in 1991 and revised in 2000, sets out various objectives, policies, and guidelines that should be used by Town officials in making land use determinations. It is included as part of Hillsborough's Comprehensive Plan.
On 8 November 2007 petitioners filed a petition for certiorari and a writ of certiorari was granted by the trial court on 19 December 2007. On 27 March 2008, the trial court entered an order dismissing the petition and affirming the denial of the petitioners' application. Petitioners appeal.
On appeal, petitioners assert that the trial court erred in upholding as a matter of law that the BOA applied the appropriate standards of review in its denial of petitioners' application. We agree.
"A legislative body such as the [BOA], when granting or denying a conditional use permit, sits as a quasi-judicial body." Sun Suites Holdings, L.L.C. v. Bd. of Aldermen of Town of Garner, 139 N.C. App. 269, 271, 533 S.E.2d 525, 527 (2000). In this capacity, the BOA's decisions "shall be subject to review by the superior court by proceedings in the nature of certiorari . . . wherein the superior court sits as an appellate court, and not as a trier of facts." Tate Terrace Realty Investors, Inc. v. Currituck Cty., 127 N.C. App. 212, 217, 488 S.E.2d 845, 848 (1997) (internal citations and quotations omitted).
When the superior court reviews the decision of a zoning board, the court should:
(1) review the record for errors of law[;] (2) ensure that procedures specified by law in both statute and ordinance are followed[;] (3) ensure that appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses, and inspect documents; (4) ensure that the decision is supported by competent, material, and substantial evidence in the whole record; and (5) ensure that the decision is not arbitrary and capricious.
Humane Soc'y of Moore Cty., Inc. v. Town of Southern Pines, 161 N.C. App. 625, 628-29, 589 S.E.2d 162, 165 (2003) (quoting Whiteco Outdoor Adver. v. Johnson County Bd. Of Adjust., 132 N.C. App. 465, 468, 513 S.E.2d 70, 73 (1999)).
Upon further appeal to this Court, the trial court's order must be examined for any error of law. "The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." Sun Suites Holdings, 139 N.C. App. at 273, 533 S.E.2d at 528 (internal citation omitted). In their first assignment of error, petitioners do not contend that the trial court did not utilize the appropriate scope of review, but rather that it erred as a matter of law by improperly determining that the BOA used appropriate standards to deny petitioners' application. "When a party alleges an error of law in the [BOA]'s decision, the reviewing court examines the record de novo." Humane Soc'y of Moore Cty., 161 N.C. App. at 629, 589 S.E.2d at 165 (citations omitted).
The ordinance at issue, Zoning Ordinance §4.3 provides in relevant part:
The Board of Adjustment shall not approve any Conditional Use unless it finds:
a) The use will not materially endanger the public health and safety, if located where proposed and developed and operated according to the plan as submitted.
b) The use, which is listed as a Conditional Use in the district in which it is proposed to be located, complies with all applicable regulations and standards, including the provisions of Section 3.5 and Section 5 of this Ordinance, unless greater or different regulations are contained in the individual standards for the specific Conditional Use.
c) The use will not substantially injure the value of contiguous property, or the use is a public necessity.
d) The use is in compliance with the general plans for the physical development of the Town as embodied in these regulations or in the Comprehensive Plan, or portion thereof, adopted by the Town Board of Commissioners.
The BOA based its denial of petitioners' permit application entirely on its perceived noncompliance with §4.3(d).
A conditional use permit "is one issued for a use which the ordinance expressly permits in a designated zone upon proof that certain facts and conditions detailed in the ordinance exist." Refining Co. v. Bd. of Aldermen, 284 N.C. 458, 467, 202 S.E.2d 129, 135 (1974)(citing In re Application of Ellis, 277 N.C. 419, 178 S.E.2d 77 (1970)). Where an applicant for a conditional use permit produces "competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a [conditional] use permit, prima facie he is entitled to it." Id., supra at 468, 202 S.E.2d at 136. The BOA does not dispute that petitioners' application was in compliance with §4.3(a)-(c).

I. Zoning Ordinance §2.5(a)

The first reason given by the BOA for the denial of the conditional use permit was that the proposed development, by nature of being located in the Historic District, was "out of character with the existing structures and uses where proposed." Respondent indicates that the BOA was relying on §2.5(a) of the Ordinance in reaching this decision. This section sets out the intent of Hillsborough's Historic District, which is to "provide criteria to insure that new buildings or structures within the Historic District shall be in harmony with the existing buildings and structures." Ordinance §2.5(a) is explicitly, by its own terms, a purposes and intent section. Denying a conditional use permit on the basis that it does not comply with an intent section of an ordinance is no different than a denial on the basis that the conditional use is "adverse to the public interest." Keiger v. Bd. of Adjust., 278 N.C. 17, 23, 178 S.E.2d 616, 620 (1971). A BOA "cannot deny applicants a permit in their unguided discretion or, stated differently, refuse it solely because, in their view, [it] would `adversely affect the public interest.'" In re Application of Ellis, 277 N.C. 419, 425 178 S.E.2d 77, 81 (1970). To the extent that the BOA based its denial on §2.5(a) of the Zoning Ordinance, it constituted an unlawful exercise of legislative power by the BOA in violation of N.C. Const. art. II, §1. See id.

II. Vision 2010

Respondent cited two sections of the Town's Vision 2010 plan that it believed provided an additional basis for the denial of the permit. These justifications are found in the "Goals and Objectives" section of the Vision 2010 plan. The first is Goal B, Objective 1, which is to "[p]rotect neighborhoods from encroachments by large-scale commercial, industrial, or multi-family developments through the locations of zoning districts and buffer requirements . . ." The second is Goal A, Objective 5(a), which encourages development that is "consistent with the immediate vicinity." These goals are properly characterized as policy statements which are intended to be implemented by the Ordinance. Use of these subjective goals, rather than the Ordinance itself, as the basis for denial of a conditional use permit is error.
"A comprehensive plan is a policy statement to be implemented by zoning regulations, and it is the latter that have the force of law." Piney Mt. Neighborhood Assoc. v. Town of Chapel Hill, 63 N.C. App. 244, 251, 304 S.E.2d 251, 255 (1983)(internal citations and quotations omitted). "It is generally deemed to be advisory, rather than controlling, and it may be changed at any time." Id. Therefore, it is not proper for the BOA to be the sole arbiter of which developments meet the goals of the comprehensive plan. Allowing such actions by the BOA "fails to furnish a uniform rule of action and leaves the right of property subject to the despotic will of aldermen who may exercise it so as to give exclusive profits or privileges to particular persons." In re Application of Ellis, 277 N.C. 419, 425, 178 S.E.2d 77, 80 (1970)(quoting State v. Tenant, 110 N.C. 609, 612 14 S.E. 387, 388 (1892)). Therefore, the BOA may only properly consider the Ordinance as specifically written to determine compliance with the goals of the comprehensive plan, of which Vision 2010 is a part.
The Property is located in an area that is zoned R-20, Medium Intensity Residential. By the terms of Ordinance §2.3(a), this zoning classification is intended to encourage "development of neighborhoods comprised chiefly of single and two (2) family residences." The petitioners' proposed development of the Property consisted of five two-family residences, or duplexes. These types of structures are specifically permitted in the assigned zoning classification.
Additionally, the R-20 zone is governed by a number of size and dimensional requirements. These include the minimum lot area, minimum lot width, minimum side yards, rear yards, front setbacks and maximum building height (§3.5.1); height limitations (§3.8); that attached dwellings, such as those proposed by petitioners, contain units of roughly equal size (§5.4(e)); and additional lot area requirements (§4.16). The evidence indicates that the petition complied with all of these objective requirements.
Finally, there is the question of the density of the proposed development, which required petitioners to obtain the conditional use permit. The evidence indicates that up to eleven dwelling units could be permitted on the Property under the Ordinance if a conditional use permit were obtained. Petitioners proposed ten dwelling units. "The inclusion of the particular use in the ordinance as one which is permitted under certain conditions, is equivalent to a legislative finding that the prescribed use is one which is in harmony with the other uses permitted in the district." Woodhouse v. Bd. of Comm'rs, 299 N.C. 211, 216, 261 S.E.2d 882, 886 (1980); see also Book Stores v. City of Raleigh, 53 N.C. App. 753, 281 S.E.2d 761 (1981). There is nothing in the record to indicate that petitioners were proposing a development that was not a permitted conditional use. Additionally, it is undisputed by respondent that five structures identical in size, placement, and magnitude would be permitted on the property if they constituted single family homes, rather than duplexes. Without any violation of the objective criteria set forth in the Ordinance, the project proposed on the Property must necessarily be in harmony with the Town's Comprehensive Plan.
Respondent can only cite provisions of the Ordinance that could not, by themselves, provide a legitimate basis for its conclusion that petitioners' application for a conditional use permit should be denied, and therefore, the trial judge erred as a matter of law when he concluded that respondent provided an appropriate basis for the denial of the permit.
Because we have found for the petitioners on their first assignment of error, it is unnecessary to address the remaining alleged errors. The judgment of the trial judge is reversed, and the cause is remanded to the superior court for entry of judgment directing the BOA to issue the conditional use permit for which petitioners applied.
Reversed and remanded.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).