An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-142

Filed 3 December 2025

Wake County, No. 24CV009561-910

JULIO SIMUEL, Administrator of the Estate of Tiyquasha Simuel, and JULIO SIMUEL, Administrator of the Estate of K'yson Kawhi Finley, Plaintiffs,

v.

NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS, Defendant.

Appeal by plaintiff from order entered 3 November 2024 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 14 October 2025.

> *Kennedy, Kennedy, Kennedy, & Kennedy, LLP, by Harvey L. Kennedy and Harold L. Kennedy, III for plaintiff-appellant.*
>
> *Attorney General, Jeff Jackson, by Special Deputy Attorney General, Elizabeth Curran O'Brien for defendant-appellee.*

DILLON, Chief Judge.

Plaintiff Julio Simuel, as administrator of the Estates of Tiyquasha Simuel and K'yson Kawhi Finley, appeals from an order granting Defendant North Carolina Administrative Office of the Courts's motion to dismiss Plaintiff's Complaint with prejudice under Rule 12(b)(6). Plaintiff contends the trial court erred by dismissing

his claim under the North Carolina Constitution.

## I.    Background

Plaintiff alleges the following facts.  At seven and a half months pregnant with K'yson Kawhi Finley, Decedent Tiyquasha Simuel testified in her ex-boyfriend's capital murder trial pursuant to a Buncombe County District Attorney Office ("BCDA") subpoena.  During this time, two BCDA assistant district attorneys ("ADAs") provided Decedent with law enforcement protection and a hotel room. Following Decedent's testimony for the BCDA, the BCDA released Decedent from its subpoena and canceled the accompanying law enforcement protection and hotel reservation.  However, the defense attorney at trial served Decedent with another subpoena, requiring Decedent to remain in Asheville.  During trial, two jurors' lives were threatened and, as a result, the trial judge provided those jurors with law enforcement protection.  On or around 13 June 2019, while still in Asheville on the defense attorney's subpoena, Decedent was shot and killed while riding in a car on the way to her friend's home.

Plaintiff filed claims for wrongful death/negligence in the North Carolina Industrial Commission under the State Tort Claims Act (the "Act").  On 28 March 2023, the Full Commission dismissed Plaintiff's claim without prejudice for lack of subject matter jurisdiction.  Plaintiff did not appeal this order.

Approximately a year after the dismissal, on 21 March 2024, Plaintiff commenced this action in superior court against Defendant, alleging claims based on

equal protection grounds under Article I, Section 19 of our state constitution. Defendant moved to dismiss Plaintiff's Complaint on various grounds. The trial court entered a Dismissal Order allowing Defendant's motion to dismiss pursuant to Rule 12(b)(6). Plaintiff appealed.

## II.    Analysis

The trial court dismissed Plaintiff's Complaint pursuant to Rule 12(b)(6) with prejudice for failure to state a claim upon which relief can be granted. In allowing Defendant's motion to dismiss, the trial court considered "the pleadings, the memoranda and arguments of counsel, and relevant case law." The trial judge did not state specific grounds for dismissal. On de novo review, we affirm the trial court's order, concluding Plaintiff has failed to state a claim upon which relief may be granted. Assuming, but not deciding, other grounds warrant dismissal, we address the merits of Plaintiff's *Corum* claim.

## A.  Standard of Review

"Questions of law regarding the applicability of sovereign or governmental immunity are reviewed de novo." *Lannan v. Bd. of Governors of Univ. of N.C.*, 387 N.C. 239, 246 (2025) (citing *Irving v. Charlotte-Mecklenburg Bd. of Educ.*, 368 N.C. 440, 448 (2016)). De novo review also applies to a lower court's ruling on a Rule 12(b)(6) motion to dismiss. *Lannan*, 387 N.C. at 246 (citing *Arnesen v. Rivers Edge Golf Club & Plantation Inc.*, 386 N.C. 440, 448 (2015)). A Rule 12(b)(6) motion treats the factual allegations in a complaint as true, and based on such, tests whether a

complaint states a legal claim. *Sutton v. Duke*, 277 N.C. 94, 98 (1970). Generally, our system of "notice pleading" provides a liberal construction of complaints, making a motion to dismiss easy to survive. *See* N.C.G.S. § 1A-1, Rule 8(a); *Ladd v. Est. of Kellenberger*, 314 N.C. 477, 481 (1985).

However, *Corum* claims have unique pleading requirements. Our Supreme Court has stated, "it is not enough for a claimant to simply *assert* that a claim is valid under *Corum . . .* [at the outset], the complaint must 'sufficiently allege' a *Corum* claim." *Kinsley v. Ace Speedway*, 386 N.C. 418, 423 (2024) (citing *Deminski v. State Bd. of Educ.*, 377 N.C. 406, 407 (2021)). The Court in *Ace Speedway* then stated the three requirements of a sufficiently alleged *Corum* claim, namely, (1) a state actor constitutional violation, (2) a colorable claim, and (3) no adequate state remedy. *Ace Speedway*, 386 N.C. at 423.

### B. State Constitutional Claim

Plaintiff asserts the equal protection claim under Article I, Section 19 of our state constitution is a "*Corum* claim." Our constitution sets out in its Declaration of Rights "[n]o person shall be denied the equal protection of the laws[.]" N.C. Const. art. I, § 19. A claimant may bring a direct claim under the state constitution under the framework of *Corum*. A *Corum* claim requires a plaintiff to colorably allege a state actor violated constitutional rights to which there is no adequate state remedy. *Corum v. Univ. of N.C.*, 330 N.C. 761, 782 (1992). According to Plaintiff's Complaint, two ADAs, as employees of Defendant, denied Decedent equal protection of the law

because of her gender.

Plaintiff's claim, however, fails because he has failed to state a colorable claim. A colorable constitutional claim requires sufficient facts to support an alleged violation of a protected right under the state Constitution. *Deminski*, 377 N.C. at 413–14. Whether a claim is colorable focuses only on the allegations in a complaint. *Id.* at 412. The complaint allegations are "treated as true" and this Court examines whether the allegations, if proven, would constitute a violation of a right protected by our state constitution. *Id.*

Plaintiff contends the standard for alleging a proper *Corum* claim is "notice pleading." *See* N.C.G.S. § 1A-1, Rule 8(a). Plaintiff is incorrect. As previously mentioned, our Supreme Court stated, "it is not enough for a claimant to simply *assert* that a claim is valid under *Corum* . . . the complaint must 'sufficiently allege' a *Corum* claim." *Ace Speedway*, 386 N.C. at 423 (citing *Deminski*, 377 N.C. at 407). The Court in *Ace Speedway* then goes on to state the three requirements of a *Corum* claim. *Id.* Therefore, a plaintiff must allege sufficient facts to support a *Corum* claim, not just state there is a claim.

Therefore, we assess whether Plaintiff sufficiently alleged a colorable *Corum* equal protection claim based on group classification or based on a "class of one." In doing so, we accept the allegations in Plaintiff's Complaint as true and examine whether those allegations, if proven, satisfy the requirements for a colorable equal protection claim. *Deminski*, 377 N.C. at 412.

"A typical equal protection claim alleges that the plaintiff was treated differently by legislation or a state actor due to their membership in a suspect class: race, color, religion, national origin, etc." *Mole' v. City of Durham*, 279 N.C. App. 583, 596 (citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)). Thus, a typical state equal protection claim is premised on group classification and provides the right to not be treated differently based on your race, sex, national origin, etc. N.C. Const. art. I, § 19; *see e.g.*, *Dep't of Transp. v. Rowe*, 353 N.C. 671 (2001). Gender is included among equal protection as a group classification. *See State v. Richardson*, 385 N.C. 101, 203 (2023) ("Intentional discrimination on the basis of gender by state actors violates the Equal Protection Clause[.]") (citing *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 130–31 (1994)); *see also* N.C. Const. art. 1, § 19.

In the present case, Plaintiff fails to allege Decedent received different treatment from others similarly situated *based on gender*. Plaintiff's Complaint does not state the gender of the two jurors, making it unknown if the ADAs treated Decedent differently from the two jurors because of her gender. Here, the ADAs canceled Decedent's law enforcement protection and hotel reservation. The trial judge provided the two jurors with law enforcement protection. The ADAs did not take action toward the two jurors in regard to providing or canceling the two jurors' law enforcement protection. Plaintiff's allegations, if proven, fail to establish the ADAs treated Decedent differently because of her gender. Therefore, Plaintiff fails to state sufficient facts to support an equal protection claim against Defendant

through the ADAs based on group classification.

Alternatively, an equal protection claim may also be alleged under a "class of one" theory. *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *In re Application of Ellis*, 277 N.C. 419, 424–25 (1970); *Toomer v. Garrett*, 155 N.C. App. 462, 477–78 (2002). A class of one equal protection claim requires an allegation that a state actor "intentionally treated [a party] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564.

For example, in *Olech*, the plaintiffs were required to give the village a 33-foot easement in exchange for water supply from the village. *Id.* at 565. The plaintiffs refused to give the easement, indicating other village property owners had been asked to grant only a 15-foot easement. *Id.* The plaintiffs sued alleging an equal protection violation, labeling the village's request as irrational, arbitrary, and vindictive towards plaintiffs regarding a former lawsuit; and based on an intentional reckless disregard for plaintiffs' rights. *Id.* at 563. The United States Supreme Court held the plaintiffs were permitted to bring their "class of one claim" and the plaintiffs stated a claim because the allegations stated the village intentionally imposed different requirements on the plaintiffs and the demand was "irrational and wholly arbitrary." *Id.* at 565.

Here, Plaintiff's class of one theory fails. First, Plaintiff alleges (1) Decedent feared of coming to Asheville absent law enforcement protection, and (2) during trial, Defendant made handgun gestures at Decedent. Plaintiff does not allege Defendant's

cancellation of law enforcement protection and hotel reservation were irrational or arbitrary. Additionally, there are no facts to suggest the ADAs intentionally treated Decedent differently than the jurors in removing the law enforcement protection. While not explicitly stated in *Olech*, the class of one theory is seemingly premised on state action *by the same state actor*. Here, the ADAs canceled Decedent's law enforcement protection and hotel reservation, but the trial judge provided protection for the two jurors. The ADAs took no intentional action to provide or cancel law enforcement protection to the jurors; they only acted towards Decedent.

Therefore, because Defendant took no intentional act towards the jurors, Plaintiff's argument on a class of one theory fails. *See also Toomer*, 155 N.C. App. at 477 (holding NCDOT secretary and two other employees ("defendants") acted in an arbitrary, capricious, intentional, willful, and "wholly without justification in fact or in law" when defendants released confidential personnel file to the media, while defendants did not release other similarly situated employees' files). Therefore, Plaintiff fails to state a colorable claim on a class of one equal protection theory.

We conclude Plaintiff fails to state a proper *Corum* claim because he fails to allege specific facts to support a colorable equal protection violation claim. The trial court properly dismissed Plaintiff's claim under Rule 12(b)(6). Accordingly, this Court will not address the other procedural or merit-based arguments by either party.

III.    Conclusion

We affirm the decision of the trial court.

AFFIRMED.

Judges GRIFFIN and FLOOD concur.

Report per Rule 30(e).