DONALD DAVIS, ET ALS v. CITY OF ARCHDALE, ET ALS

No. 8519SC1284

(Filed 17 June 1986)

**Municipal Corporations § 31.1— no standing to challenge annexation and rezoning ordinances**

Plaintiffs did not have standing to challenge an annexation ordinance since they did not own property in the annexed areas, nor did they have standing to challenge a rezoning ordinance since their allegations that they had sustained and would continue to sustain a diminution in the value of their property due to increased traffic on roads already carrying more than their capacity and due to increased demands upon already overburdened public utilities did not show special damages distinct from the rest of the community which would give plaintiffs standing to challenge the ordinance.

APPEAL by plaintiffs from *Davis, James C., Judge.* Order entered 14 August 1985 in RANDOLPH County Superior Court. Heard in the Court of Appeals 13 May 1986.

On 18 December 1984 the City of Archdale received a petition requesting the voluntary annexation of two tracts of land. On 22 January 1985 the City Council of the City of Archdale adopted an ordinance annexing the two tracts. The City Council also adopted ordinances rezoning the two newly annexed tracts on 24 January 1985 and 26 February 1985.

Plaintiffs, owners of real property "in the area" of the tracts of land newly annexed, instituted this action against the City and the owners of the tracts. Plaintiffs alleged six claims in their complaint: (1) that the annexations were invalid because not all of the property owners of the tracts signed the petition; (2) that the rezonings did not promote the health, safety, morals or general welfare of the community; (3) that the rezonings were unconstitutional; (4) that the 26 February 1985 rezoning was invalidated by the City Council's meeting in executive session; (5) that the rezonings constituted illegal contract zoning; and (6) that the rezonings constituted illegal spot zoning. They sought a declaratory judgment and injunctive relief.

The City filed an answer in which it admitted that not all of the owners of the two tracts had signed the petition for annexation. It denied the other material allegations of the complaint. The owners of the two tracts filed, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure, motions to dismiss the complaint for failure to state a claim upon which relief can be granted. Following a hearing, the court allowed the motions. Plaintiffs appealed.

*Graham, Miles & Bogan, by James W. Miles, Jr., for plaintiffs-appellants.*

*No brief for defendant-appellee City of Archdale.*

*Fisher Fisher Gayle & Craig, by Louis J. Fisher, Jr. and John O. Craig, III, for defendants-appellees William T. Boyd, Shirley C. Boyd, Darrell Leon Frye, Elizabeth Anne Shover Frye, Stephen V. Hill and Sylvia Lee Frye Hill.*

*Roberson, Haworth & Reese, by J. Brooks Reitzel, Jr., for defendants-appellees R. Dale Britt, C. D. Clodfelter and David L. Maynard.*

WELLS, Judge.

Preliminarily, we note that plaintiffs did not file their brief until twenty-five days after the printed record on appeal was mailed, well over the twenty days allowed by Rule 13(a) of the Rules of Appellate Procedure for filing an appellant's brief. Neither did plaintiffs timely seek an extension of time to file their brief. For their failure to file a brief in a timely fashion, their appeal is subject to dismissal. Rule 13(c) of the Rules of Appellate Procedure. Nevertheless, in the exercise of our discretion, we consider the merits of the appeal.

The question before us is whether the court properly dismissed plaintiffs' complaint. Defendants argue that the court correctly dismissed the complaint because plaintiffs lacked standing to challenge the ordinances. We agree.

In passing upon the validity of an annexation or zoning ordinance, one of the court's first concerns is whether the plaintiff has standing to bring the action. *Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E. 2d 576 (1976). The general rule is that "unless an annexation ordinance be absolutely void (*e.g.*, on the ground of lack of legislative authority for its enactment), in the absence of specific statutory authority to do so, private individuals may not attack, collaterally or directly, the validity of proceedings extending the corporate limits of a municipality." *Id.* Annexation ordinances are authorized by Article 4A of Chapter 160A of the General Statutes. The only persons given the authority by Chapter 160A to challenge an annexation ordinance are those who own property in the annexed area. N.C. Gen. Stat. §§ 160A-38(a) and -50(a) (1982). Plaintiffs admitted in their complaint that they do not own property in the annexed areas. They thus do not have standing to challenge the annexation ordinance.

In order to challenge a rezoning ordinance, one must have a specific personal and legal interest in the subject matter affected by the ordinance and must be directly and adversely affected by the ordinance. *Taylor v. City of Raleigh, supra.* To have standing, an adjacent or nearby landowner must allege and show special damages distinct from the rest of the community. *Heery v. Zoning Board of Adjustment,* 61 N.C. App. 612, 300 S.E. 2d 869 (1983). Plaintiffs alleged in their complaint that they have sustained and will continue to sustain a diminution in the value of their property due to increased traffic on roads which already carry traffic volumes in excess of capacity and due to increased demands upon already overburdened public utilities. We do not think these damages are special damages distinct from those of the rest of the community. Plaintiffs thus do not have standing to challenge the rezoning ordinances. *Compare Taylor v. City of Raleigh, supra* (adjacent landowners had "tenuous" standing to challenge rezoning ordinance when their property was being condemned for water and sewer line easements extending to rezoned property).

Plaintiffs argue that their complaint should not have been dismissed because the City did not move to dismiss and admitted in its answer that proper procedures were not followed in the annexation. This argument has no merit because standing is jurisdictional in nature. *See Taylor v. City of Raleigh, supra.*

For the foregoing reasons, the order dismissing the complaint is

Affirmed.

Judges ARNOLD and BECTON concur.