THE COUNTY OF LANCASTER, SOUTH CAROLINA; THE COUNTY OF UNION, NORTH CAROLINA; ROSA POTTS OSBORNE; ROBERT BARR; SAM ARDREY AND WIFE, JANIE M. ARDREY; LAVINIA A. KELL; MARGIE K. BOYLSTON; TUCKER I. JOHNSON AND WIFE, ANGELUS R. JOHNSON v. MECKLENBURG COUNTY, NORTH CAROLINA; THE BOARD OF COUNTY COMMISSIONERS OF MECKLENBURG COUNTY, NORTH CAROLINA, TO WIT: CARLA DUPUY, ROD AUTREY, BARBARA LOCKWOOD, ROBERT L. WALTON, PETER KEBER, JOHN G. BLACKMON, AND KENNETH L. ANDREWS; AND ROBERT L. BRANDON, ZONING ADMINISTRATOR OF MECKLENBURG COUNTY, NORTH CAROLINA

No. 293PA92

(Filed 10 September 1993)

1. **Municipal Corporations § 30.6 (NCI3d)— sanitary landfill— summary judgment under prior ordinance—effect on action under amended ordinance**

An unappealed summary judgment in 1988 declaring Mecklenburg County's 1985 landfill zoning ordinance unconstitutional was not dispositive of this case where Mecklenburg County sought and obtained a sanitary landfill special use permit; the 1988 judgment established, in effect, that plaintiffs were deprived of their due process rights because the Mecklenburg County Board of Commissioners could not be an impartial tribunal with regard to the special use permit application by Mecklenburg County and that Mecklenburg County had failed to offer competent, material, and substantial evidence to meet some of the required findings of the old ordinance; the 1985 special use permit was declared null and void and the judgment went on to say that the Commissioners would be required to amend the zoning ordinance before taking further action regarding the landfill; that judgment was not appealed; Mecklenburg County amended its zoning ordinance; and plaintiffs now contend that the unappealed 3 August 1988 judgment precludes the Mecklenburg County Board of Commissioners from obtaining a permit under the ordinance as amended. The 1988 judgment is binding only as to the procedure under the ordinance as it existed prior to the 1989 amendments, the amendments followed the directives of the 1988 judgment, and the fact that the 1988 judgment held that the County had failed to make a sufficient showing to support the findings of compliance with the then-effective state regulations has no bearing upon the 1990 permit application.

COUNTY OF LANCASTER v. MECKLENBURG COUNTY

[334 N.C. 496 (1993)]

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 386.

2. **Municipal Corporations § 30.1 (NCI3d)— zoning—sanitary landfill—administrative zoning decision**

A provision of the amended Mecklenburg landfill zoning ordinance concerning approval of permit applications by the Charlotte-Mecklenburg Zoning Administrator is facially constitutional because the conditions which must be met prior to issuance of a permit are objective standards which can reasonably be applied by the Zoning Administrator with the assistance of the Director of Engineering if necessary. Whether the decision to permit a sanitary landfill should be characterized as quasi-judicial or an administrative zoning decision was critical; since the decision was made by the Zoning Administrator alone, without following the mandate for a full evidentiary hearing, it cannot stand as a quasi-judicial decision but compliance with all fair trial standards is not required for administrative zoning decisions.

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 361, 364, 386, 393; Zoning and Planning §§ 42, 59.

Motive of members of municipal authority approving or adopting zoning ordinance or regulation as affecting its validity. 71 ALR2d 568.

3. **Municipal Corporations § 30.1 (NCI3d)— zoning—sanitary landfill application by county—no impermissible conflict of interest**

There was no impermissible conflict of interest where Mecklenburg County applied for a landfill permit to the Charlotte-Mecklenburg Zoning Administrator. The applicant is Mecklenburg County alone while the zoning administrator is the Charlotte-Mecklenburg Zoning Administrator and is involved with administration of zoning for Mecklenburg County and six municipalities within the county. While due process requires an impartial decisionmaker and an elected official with a direct and substantial financial interest in a zoning decision may not participate in making legislative zoning decisions, these considerations are less likely to come into play when administrative zoning decisions are made since these involve the determination of objective facts without an ele-

COUNTY OF LANCASTER v. MECKLENBURG COUNTY

[334 N.C. 496 (1993)]

ment of discretion. Further, the zoning enabling statutes provide for a *de novo* hearing before the board of adjustment. Absent a showing of undue influence, the fact that an application is made by an employing unit of government does not in and of itself constitute impermissible bias for administrative zoning decisions.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 393; Zoning and Planning § 59.**

**Motive of members of municipal authority approving or adopting zoning ordinance or regulation as affecting its validity. 71 ALR2d 568.**

On discretionary review of a decision of the Court of Appeals, 106 N.C. App. 646, 417 S.E.2d 827 (1992), reversing the judgment entered by Fulton, J., in the Superior Court, Mecklenburg County, on 17 January 1991 and remanding the case for further proceedings. Heard in the Supreme Court 13 January 1993.

*Waggoner Hamrick Hasty Monteith Kratt & McDonnell, by John H. Hasty and G. Bryan Adams, III, for all plaintiff-appellants other than Union County; and Sanford L. Steelman, Jr., for plaintiff-appellant Union County.*

*Ruff, Bond, Cobb, Wade & McNair, by James O. Cobb, for all defendant-appellees other than Robert Brandon; and Smith Helms Mulliss & Moore, by H. Landis Wade, Jr., for defendant-appellee Robert Brandon.*

MEYER, Justice.

Following the entry on 3 August 1988 of a judgment by Snepp, J., in the Superior Court, Mecklenburg County, that declared Mecklenburg County's 1985 landfill zoning ordinance unconstitutional, Mecklenburg County, on 1 May 1989, amended its zoning ordinance, which in effect adopted a new, 1989 landfill zoning ordinance. Mecklenburg County subsequently petitioned defendant Robert L. Brandon for a sanitary landfill permit under the 1989 landfill ordinance. Defendant Brandon is, and was at the time the petition was filed, the Charlotte-Mecklenburg Zoning Administrator.

Plaintiffs brought this action for declaratory judgment pursuant to N.C.G.S. §§ 1-253 to -267 and Rule 57 of the North Carolina Rules of Civil Procedure to determine the validity and constitu-

tionality of the 1989 ordinance. Answers were filed by the parties, and joint motions for summary judgment and judgment upon the pleadings were filed by all parties. These motions were heard before Fulton, J., Resident Superior Court Judge for Mecklenburg County, on 26 March 1990. Subsequently, on 20 December 1990, Judge Fulton issued a memorandum of judgment and thereafter, on 17 January 1991, entered judgment granting summary judgment in favor of plaintiffs and declaring the 1989 Mecklenburg County zoning ordinance unconstitutional. Defendants appealed to the Court of Appeals, and that court, on 7 July 1992, rendered its decision reversing the superior court.

Plaintiffs filed notice of appeal and petition for discretionary review with this Court, and we granted discretionary review of the Court of Appeals' decision on 30 September 1992.

The primary issue before this Court is the facial constitutionality of Section 3124, entitled "Sanitary Landfill," of the Mecklenburg County zoning regulations embodied in the County's zoning ordinance as it relates to a provision that allows the Charlotte-Mecklenburg Zoning Administrator to approve the County's zoning permit application for the siting of a landfill. There are two subsidiary issues: whether plaintiffs have standing to bring the declaratory judgment action and whether the 1988 decision of the superior court, which was not appealed, has any effect upon the present litigation. We find it unnecessary to address the issue of standing, conclude that the 1988 judgment has no effect on the present litigation, further conclude that the ordinance in question is not facially unconstitutional, and affirm the decision of the Court of Appeals.

Mecklenburg County is responsible for providing solid waste disposal facilities for the approximately 640,000 tons per year of solid waste that is generated in all areas of Mecklenburg County (both incorporated and unincorporated), except from within the Town of Matthews.

In April of 1985, the Mecklenburg County Board of Commissioners filed an application for a permit to site a sanitary landfill on county property adjoining Highway 521 in the southernmost tip of Mecklenburg County (the "Highway 521 site"). A portion of the boundaries of the proposed landfill are adjacent to Lancaster County, South Carolina, and Union County, North Carolina. The 1985 county landfill ordinance generally provided that sanitary land-

fills could be located, only upon the issuance of a special use permit, and only in certain, specified zoning districts. The 1985 landfill ordinance also provided that the Mecklenburg County Board of Commissions would sit in judgment of its own application for a permit.

After a public hearing, the Mecklenburg County Board of Commissioners issued to Mecklenburg County a special use permit to construct a landfill on the Highway 521 site. This decision was subsequently appealed by all of the plaintiffs herein (with the exception of Union County, which was not a party to that action) to the Superior Court, Mecklenburg County. On 3 August 1988, Judge Frank W. Snepp declared the 1985 landfill ordinance unconstitutional as being in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Judge Snepp also declared that Mecklenburg County's actions in obtaining the landfill site, and its actions in attempting to issue a permit to itself for such site, had in fact rendered the County biased and incapable of sitting in judgment of its own application for the Highway 521 site. Mecklenburg County did not appeal this judgment.

Mecklenburg County amended its zoning ordinance with respect to sanitary landfills on 1 May 1989. The 1 May 1989 amendments to the zoning ordinance did not change the zoning classification of the Highway 521 landfill site or of the surrounding property owned by some of the defendants. Moreover, the application under the amended ordinance for a zoning permit was directed to defendant Brandon, whose title is Charlotte-Mecklenburg Zoning Administrator and who administers zoning ordinances promulgated by Mecklenburg County for the unincorporated areas of the county and those promulgated by the Towns of Matthews, Huntersville, Cornelius, Mint Hill, and Pineville within the areas of their zoning limits. Mr. Brandon's employment is not at the pleasure of the Mecklenburg County Commissioners. Rather, his employment is protected by certain personnel policies and regulations, which would prohibit the termination or demotion of Mr. Brandon by his supervisors except for cause.

In Section 3301 of the ordinance, which was not changed by the 1 May 1989 amendments, the Mecklenburg County Commissioners, as legislators, have divided the zoning uses into three types as follows:

COUNTY OF LANCASTER v. MECKLENBURG COUNTY

[334 N.C. 496 (1993)]

This ordinance provides for certain uses to be located by right in certain districts where the uses are compatible with the purpose of the district[1] and with other uses to be located in certain districts only by complying with additional development standards to insure that same compatibility.[2] However, certain uses which are basically in keeping with the intent and purposes of the district may have substantial impacts on the surrounding area and should only be allowed after a review of the specific proposal. In order to insure that these uses would be compatible with surrounding development and be in keeping with the purposes of the district in which they are proposed to be placed, *they are not allowed to be established as a matter of right.* They may be established only after a review and approval of a special use permit as required by this chapter.[3]

(Emphasis added.)

Section 3124 of the ordinance as amended provides as follows:

Sanitary landfills are permitted in all districts in Mecklenburg County subject to the development standards listed below. The establishment and operation of any landfill must comply with Solid Waste Management Rules of the State of North Carolina and the "Regulations Governing the Storage, Collection, Transporting and Disposal of Garbage and Refuse in Mecklenburg County" as adopted by the Mecklenburg County Board of Commissioners under authority granted by the General Statutes of North Carolina.

---

1. The first category, "by right," is actually an inaccurate characterization because even single-family residences in single-family residential districts are subject to certain zoning requirements such as minimum lot areas, minimum lot widths, minimum side yards, minimum setbacks, etc.

2. The second category is those "uses by right under prescribed conditions." For these uses, the zoning ordinance speaks interchangeably of "uses by right subject to special requirements" and "uses under prescribed conditions."

3. The third category is those uses that are not allowed as a matter of right with or without special requirements or with or without prescribed conditions and that require a "special use permit" rather than a zoning permit. The emphasized language and its place in the ordinance establishes that uses "with additional development standards" (special requirements or under prescribed conditions) are by right and are distinct from uses requiring special use permits with the attendant special procedural elements.

Subsections 3124.1 through 3124.6 define "sanitary landfill," set out a procedure for reclamation of the proposed site, set forth yardage and screening requirements, specify permissible hours of operation, and regulate access. All documentation supporting the application must be submitted to the Zoning Administrator, who, with the assistance of the Mecklenburg County Director of Engineering, must assure that the application complies with the ordinance and regulations referred to in Section 3124.

Subsection 3124.7 provides that the Mecklenburg County Building Standards Department must notify all affected property owners, advising them of the proposed development and when and where the plans may be inspected. The Zoning Administrator is also required to post a notice at the site, stating that rezoning for the proposed use has been requested and stating where additional information may be obtained. After notices are mailed, the Zoning Administrator must wait at least fifteen days and consider all comments on the application before deciding whether to issue a permit for the proposed use. Once the Zoning Administrator makes a decision, he has five days to notify affected property owners and anyone who commented on the proposed use. Any person aggrieved by the Zoning Administrator's decision is entitled to an appeal *de novo* to the Board of Adjustment pursuant to N.C.G.S. § 153A-345(b).

Under the 1989 Mecklenburg County zoning ordinance, sanitary landfills are permitted in all zoning districts in Mecklenburg County so long as the establishment and operation of the landfill complies with the Solid Waste Management Rules of the State of North Carolina and the "Regulations Governing the Storage, Collection, Transporting and Disposal of Garbage and Refuse in Mecklenburg County" as adopted by the County's Board of Commissioners under authority granted by the General Statutes of North Carolina. The ordinance also requires that a reclamation and after-use plan detailing the after use be submitted; that the use not be inconsistent with a general overall county plan, referred to as the 2005 plan; that a special reserve fund in an amount to be determined by the Zoning Administrator be set aside for future use; as well as generally for setbacks and other objective guidelines and conditions.

The 1989 ordinance does not provide for a public hearing before the commissioners or the Zoning Board of Adjustment but rather provides that the Zoning Administrator will determine whether

the conditions were satisfied in order to issue such a zoning permit. It also requires the Zoning Administrator to receive and consider public comment on the application for permit in reaching his decision.

On 8 December 1989, Mecklenburg County again applied for a zoning permit on the Highway 521 site. Under the relevant amendment to the Mecklenburg County zoning ordinance, the application was directed to defendant Brandon, who is and was the Charlotte-Mecklenburg Zoning Administrator and who administers zoning ordinances promulgated by the City of Charlotte for the areas within its limits; promulgated by Mecklenburg County for the unincorporated areas of the County; and promulgated by the Towns of Matthews, Huntersville, Cornelius, Mint Hill, and Pineville within the areas of their zoning limits.

The plaintiffs filed this action for declaratory relief seeking to have the 1989 Mecklenburg County zoning ordinance declared unconstitutional as well as raising other issues. Judge Shirley L. Fulton, Resident Superior Court Judge for Mecklenburg County, North Carolina, acting on cross-motions for summary judgment, issued a memorandum of judgment declaring the new Mecklenburg County zoning ordinance unconstitutional in that it improperly delegated the authority of the County Commissioners to consider special use permits to the Zoning Administrator, in violation of N.C.G.S. § 153A-340, and in that the ordinance providing for the Zoning Administrator to hear and determine zoning applications was a denial of due process under the Fourteenth Amendment of the United States Constitution.

Defendants appealed to the Court of Appeals, which held that Mecklenburg County could delegate its authority to a zoning administrator to issue special use permits and that such procedure was not a denial of due process.

We first address the issue of standing.[4] In their respective briefs, the parties address at some length the question of whether

---

4. Only those persons "who [have] a specific personal and legal interest in the subject matter affected by the zoning ordinance and who [are] directly and adversely affected thereby" have standing to challenge a legislative zoning decision. *Taylor v. City of Raleigh*, 290 N.C. 608, 620, 227 S.E.2d 576, 583 (1976); *see Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E.2d 35 (1972); *Zopfi v. City of Wilmington*, 273 N.C. 430, 160 S.E.2d 325 (1968). *Davis v. City of Archdale*, 81 N.C. App. 505, 344 S.E.2d 369 (1986), alludes to a requirement for "special damages" distinct from those of the rest of the community to confer standing to challenge a rezoning.

COUNTY OF LANCASTER v. MECKLENBURG COUNTY

[334 N.C. 496 (1993)]

the plaintiffs had standing to bring the declaratory judgment action that is the subject of this appeal.

Under the particular facts presented in this case, we find it unnecessary to address this issue and assume standing of the plaintiffs to bring this action *arguendo* in order to address the important issue of the facial constitutionality of the Mecklenburg County zoning ordinance as it relates to sanitary landfills.

[1] We next address the issue of the effect of the 1988 judgment. Plaintiffs argue that the 1988 unappealed judgment of Judge Snepp entered on 3 August 1988 declaring Mecklenburg County's 1985 landfill zoning ordinance unconstitutional is dispositive of the present case. We disagree.

Mecklenburg County initially sought and obtained a sanitary landfill special use permit under the pre-1 May 1989 zoning ordinance, which resulted in litigation between most of the plaintiffs in the instant case and Mecklenburg County.

The 3 August 1988 judgment established, in effect, that plaintiffs (then petitioners) were deprived of their due process right because the Mecklenburg County Board of Commissioners could not, as a matter of law, be an impartial tribunal with regard to the special use permit application by Mecklenburg County and, also, that Mecklenburg County failed to offer competent, material, and substantial evidence to meet some of the required findings of the old ordinance. The 1985 special use permit was declared null and void. The 3 August 1988 judgment went on to say that "the Mecklenburg Board of Commissioners will be required to amend its Zoning Ordinance in one or more respects, before further action may be taken with respect to this sanitary landfill site." The 3 August 1988 judgment was not appealed.

---

The use of the "special damages" test in *Davis* is taken from the cases on standing to challenge quasi-judicial zoning decisions. In these instances, the appellant must present evidence that he is the owner or optionee of the affected property. *Humble Oil & Refining Co. v. Board of Aldermen,* 284 N.C. 458, 202 S.E.2d 129 (1974); *Pigford v. Bd. of Adjustment,* 49 N.C. App. 181, 270 S.E.2d 535 (1980), *disc. rev. denied & appeal dismissed,* 301 N.C. 722, 274 S.E.2d 230 (1981). Adjoining property owners must present evidence of a reduction in their property values. *Heery v. Zoning Board of Adjustment,* 61 N.C. App. 612, 300 S.E.2d 869 (1983). A neighborhood association has standing if its individual members have shown actual financial harm in order to be "aggrieved." *Concerned Citizens v. Bd. of Adjustment of Asheville,* 94 N.C. App. 364, 380 S.E.2d 130 (1989); *Piney Mt. Neighborhood Assoc. v. Town of Chapel Hill,* 63 N.C. App. 244, 304 S.E.2d 251 (1983).

As a result of the 1988 judgment, Mecklenburg County did amend its zoning ordinance. The 1 May 1989 amendment, *inter alia*, removed sanitary landfills from the special use permit section and placed them in Section 3141 as uses by right "subject to special requirements"/"under prescribed conditions" (the two phrases are used interchangeably). We hereafter refer to this type of use by right as a "use by right under prescribed conditions" or a "use under prescribed conditions."

The plaintiffs contend that the unappealed 3 August 1988 judgment precludes the Mecklenburg County Board of Commissioners from obtaining a permit under the ordinance as amended. We disagree. The effect of the 3 August 1988 judgment of the Mecklenburg County Superior Court must be analyzed in the context of what was before the court at the time.

Under the ordinance as it existed prior to the 1 May 1989 amendments, the Board of Commissioners sat as a quasi-judicial body to grant or to deny its own special use permit application (which was not a "use by right") with no *de novo* appeal available. The 1988 judgment is binding only as to that procedure. The 1 May 1989 amendments produced a totally different procedure that involves both a "by right" use and a *de novo* review by the Board of Adjustment.

The 1988 judgment provided that "the Mecklenburg Board of Commissioners will be required to amend its Zoning Ordinance in one or more respects, before further action may be taken with respect to this sanitary landfill site." The 1 May 1989 amendments followed the directives of the 1988 judgment, that is, the zoning ordinance was amended so that the initial determination would be made by the Charlotte-Mecklenburg Zoning Administrator and so that thereafter the Zoning Administrator's determination or determinations would be subject to complete *de novo* review by the Board of Adjustment.

The fact that the 1988 judgment held that the County had failed to make a sufficient showing to support the findings of compliance with the then-effective state regulations has no bearing upon the 1990 permit application, as that requirement of the earlier ordinance was eliminated by the 1 May 1989 amendments. Under the amended ordinance, only the state determines whether the application for the state permit meets the state's current rules.

If one compares the pre-1 May 1989 special use permit requirements for sanitary landfills with the uses under prescribed conditions in the 1 May 1989 amendments, it is obvious that the Board of Commissioners fundamentally changed and lessened the requirements for a sanitary landfill zoning permit as compared to the old requirements for a special use permit.

·Unlike special use permits, zoning permits are issued by the Zoning Administrator without a public hearing and as an administrative matter of right if the objective criteria are met. Separate permits for site approval, construction, and operation of sanitary landfills are subject to the rigorous requirements of the North Carolina Solid Waste Management Rules. Before one may even apply to the state for a sanitary landfill permit or permits, the applicant must comply with state regulations, which provide that the applicant must furnish a letter from the unit of government having zoning jurisdiction over the site which states that the proposal meets all of the requirements of the local zoning ordinance.[5]

[2]    We now address the important issue of the facial constitutionality of Section 3124, entitled "Sanitary Landfill," of the Mecklenburg County zoning ordinance as it relates to a provision that allows the Charlotte-Mecklenburg Zoning Administrator to approve the permit applications filed by the County.

Plaintiffs contend that the Mecklenburg County zoning ordinance violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution because the person who determines whether the permit in question is issued is biased in favor of the applicant by reason of his employment. We disagree.

Due process requirements mandate that certain quasi-judicial zoning decisions comply with all fair trial standards when they are made. However, such compliance is not required for administra-

---

5. The zoning permit issued by the Zoning Administrator that is included in the record on appeal was included by Mecklenburg County in its application for a state landfill permit. The effect of the ruling by the trial judge was to cancel the validity of the zoning permit and, accordingly, to make Mecklenburg County's application for a state landfill permit incomplete. The effect of the 7 July 1992 opinion of the North Carolina Court of Appeals is to make the County's application complete once again.

If an applicant is dissatisfied with the Zoning Administrator's decision, the applicant may appeal to the Board of Adjustment.

COUNTY OF LANCASTER v. MECKLENBURG COUNTY

[334 N.C. 496 (1993)]

tive zoning decisions. We must, therefore, determine into which category the zoning decision called for here falls.

Zoning decisions are typically characterized as being in one of four different categories — legislative, advisory, quasi-judicial, and administrative. In this case, the question is whether the issuance of a permit for a landfill as a permitted use with prescribed conditions is properly characterized as a quasi-judicial decision or as an administrative zoning decision.

In making quasi-judicial decisions, the decisionmakers must "investigate facts, or ascertain the existence of facts, hold hearings, weigh evidence, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature." *Black's Law Dictionary* 1245 (6th ed. 1990). In the zoning context, these quasi-judicial decisions involve the application of zoning policies to individual situations, such as variances, special and conditional use permits, and appeals of administrative determinations. *Humble Oil & Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E.2d 129 (1974); *Jarrell v. Board of Adjustment*, 258 N.C. 476, 128 S.E.2d 879 (1963). These decisions involve two key elements: the finding of facts regarding the specific proposal and the exercise of some discretion in applying the standards of the ordinance.

Administrative decisions are routine, nondiscretionary zoning ordinance implementation matters carried out by the staff, including issuance of permits for permitted uses. Phillip P. Green, Jr., *Legal Responsibilities of the Local Zoning Administrator in North Carolina* 30 (2d ed. 1987). In general, the zoning administrator is a purely administrative or ministerial agent following the literal provisions of the ordinance. *Lee v. Board of Adjustment*, 226 N.C. 107, 37 S.E.2d 128 (1946). The zoning administrator may well engage in some fact finding, as in making an initial determination as to whether a nonconforming use was in existence at the time a zoning provision was adopted. *Ornoff v. City of Durham*, 221 N.C. 457, 20 S.E.2d 380 (1942). But, in such instances, this involves determining objective facts that do not involve an element of discretion.

The distinction is important because due process requirements for quasi-judicial zoning decisions mandate that all fair trial standards be observed when these decisions are made. This includes an evidentiary hearing with the right of the parties to offer evidence; cross-examine adverse witnesses; inspect documents; have sworn testimony; and have written findings of fact supported by compe-

tent, substantial, and material evidence. *Humble Oil & Refining Co. v. Board of Aldermen,* 284 N.C. at 470, 202 S.E.2d at 137; *see generally* David W. Owens, *Zoning Hearings: Knowing Which Rules to Apply,* Popular Government, Spring 1993, at 26. By contrast, an administrative zoning decision is made without a hearing at all, with the staff member reviewing an application to determine if it is complete and whether it complies with objective standards set forth in the zoning ordinance.

Early zoning ordinances established districts in which specified land uses were either permitted or prohibited. However, it soon became apparent that additional uses might be appropriate within a particular zoning district under certain circumstances. These additional uses—variously termed "special uses," "conditional uses," or "special exceptions"—are specified in the zoning ordinance along with the standards for determining when they may be allowed. Robert M. Anderson, *American Law of Zoning* 3d § 21.01 (1986).

> A special exception within the meaning of a zoning ordinance is one which is expressly permitted in a given zone upon proof that certain facts and conditions detailed in the ordinance exist. It is granted by the board, after a public hearing, upon a finding that the specified conditions have been satisfied.

*In re Ellis,* 277 N.C. 419, 425, 178 S.E.2d 77, 80-81 (1971). If adequate guiding standards for the decision are set forth in the ordinance, this is not an unlawful delegation of legislative authority. *Woodhouse v. Board of Commissioners,* 299 N.C. 211, 261 S.E.2d 882 (1980); *Keiger v. Board of Adjustment,* 278 N.C. 17, 178 S.E.2d 616 (1971); *In re Ellis,* 277 N.C. 419, 178 S.E.2d 77; *Jackson v. Board of Adjustment,* 275 N.C. 155, 166 S.E.2d 78 (1969); *Book Stores v. City of Raleigh,* 53 N.C. App. 753, 281 S.E.2d 761 (1981); *Kenan v. Board of Adjustment,* 13 N.C. App. 688, 187 S.E.2d 496, *cert. denied,* 281 N.C. 314, 188 S.E.2d 897 (1972).

Special and conditional use permit decisions are quasi-judicial zoning decisions. "When a board of aldermen, a city council, or zoning board hears evidence to determine the existence of facts and conditions upon which the ordinance expressly authorizes it to issue a special use permit, it acts in a quasi-judicial capacity." *Humble Oil & Refining Co. v. Board of Aldermen,* 284 N.C. at 469, 202 S.E.2d at 136-37.

Further, quasi-judicial special use permit decisions may not be assigned to the zoning administrator. The zoning enabling statutes allow special and conditional use permit decisions to be made by the board of adjustment or the governing board. N.C.G.S. §§ 153A-340 (1991), 160A-381 (1987). N.C.G.S. §§ 153A-345 and 160A-388 further allow the duties of the board of adjustment to be assigned to a "planning agency." A "planning agency" is defined by N.C.G.S. § 153A-321:

> An agency created or designated pursuant to this section may include but shall not be limited to one or more of the following, *with any staff* that the board of commissioners considers appropriate:
>
> (1) A planning board or commission of any size (*not less than three members*) or composition considered appropriate, organized in any manner considered appropriate;
>
> (2) A joint planning board . . . .

N.C.G.S. § 153A-321, para. 2 (emphasis added). (N.C.G.S. § 160A-361 defines "planning agency" in substantially similar language.) Thus, while N.C.G.S. § 153A-321 gives local government considerable latitude, that latitude does not extend far enough to allow the designation of the zoning administrator individually to constitute a "planning agency" for the purpose of making special and conditional use permit decisions. While N.C.G.S. §§ 153A-4 and 160A-4 mandate that grants of authority to local governments be broadly interpreted, zoning authority cannot be exercised in a manner contrary to the express provisions of the zoning enabling authority.[6]

Therefore, a critical question for this case is whether this decision to permit a sanitary landfill should be characterized as a quasi-judicial decision or as an administrative zoning decision. Since the decision was made by the Zoning Administrator alone,

---

6. There is language in the *Jackson* case regarding delegation of special use permits: "The legislative body may confer upon an administrative officer, or board, the authority to determine whether the specified conditions do, in fact, exist . . . ." 275 N.C. at 165, 166 S.E.2d at 85. In that case, however, the decision had been delegated to the board of adjustment, so a delegation to a staff member was not before the court. Also, in that case, the standards to be met were (with the exception of the one standard invalidated by the court) objective facts that involved no discretion.

without following the mandate for a full evidentiary hearing, it cannot stand as a quasi-judicial decision.

Some of the confusion in this case is semantic. The Mecklenburg County zoning ordinance at one point treated sanitary landfills as quasi-judicial special use permits. However, the 1 May 1989 amendment to the zoning ordinance purported to place these in an intermediate category between a standard "permitted use" and a standard "special use." Sanitary landfills, along with quarries and demolition landfills, were made permitted uses in all zoning districts subject to a series of "development standards." The language used to describe this intermediate situation — "uses by right subject to special requirements" and "uses under prescribed conditions" — is not to be confused with a special use permit and a conditional use permit. It is not the terms used by the ordinance to describe these permits that has legal significance; it is whether the nature of the decision to be made is, in fact, quasi-judicial or administrative.

The 1 May 1989 amendment to Section 3124 of the Mecklenburg County zoning ordinance established six conditions that must be met prior to issuance of a zoning permit for a sanitary landfill. Several of these are objective standards that can reasonably be applied by the Zoning Administrator, including the yard requirements, screening, hours of operation, access, and notification of adjoining property owners. A closer question is presented by Section 3124.2 regarding reclamation requirements. This includes an objective finding — whether the anticipated future use proposed by the applicant is consistent with the county's land use plan — as well as a determination that the cost estimates for reclamation are "reasonable." The County Board of Commissioners determined that this was an objective finding that could reasonably be made by the Zoning Administrator, with the assistance of the Director of Engineering if necessary.[7] Thus, it was not subjected to the evidentiary hearing requirement imposed for special use permit applications.

[3] Having determined that this is, in fact, an administrative zoning decision that the Zoning Administrator could properly make,

---

7. A zoning ordinance is presumed valid, and the courts will defer to the governing board's legislative judgment unless it is clearly unreasonable or an abuse of discretion. *Marren v. Gamble*, 237 N.C. 680, 75 S.E.2d 880 (1953); *In re Appeal of Parker*, 214 N.C. 51, 197 S.E. 706, *appeal dismissed*, 305 U.S. 568 (1938); *see also Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 71 L. Ed. 303 (1926).

COUNTY OF LANCASTER v. MECKLENBURG COUNTY

[334 N.C. 496 (1993)]

we now address the question of whether an impermissible conflict of interest is raised because the applicant for the permit is Mecklenburg County. *See generally*, David W. Owens, *Conflicts of Interest in Land-Use Management Decisions* (1990).

At the outset, it is important to note that the applicant in this case is Mecklenburg County alone, and the zoning administrator is the Charlotte-Mecklenburg Zoning Administrator and as such is involved with administration of zoning for Mecklenburg County and six municipalities within the county.

Due process requires an impartial decisionmaker. With legislative zoning decisions, an elected official with a direct and substantial financial interest in a zoning decision may not participate in making that decision. N.C.G.S. §§ 153A-44 (1991), 160A-75 (1987).[8] Where there is a specific, substantial, and readily identifiable financial impact on a member, nonparticipation is required. Additional considerations beyond these financial interests require nonparticipation in quasi-judicial zoning decisions. A fixed opinion that is not susceptible to change may well constitute impermissible bias, as will undisclosed *ex parte* communication or a close familial or business relationship with an applicant. *Crump v. Board of Education*, 326 N.C. 603, 392 S.E.2d 579 (1990); *Leiphart v. N.C. School of the Arts*, 80 N.C. App. 339, 342 S.E.2d 914, *disc. rev. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986).

These considerations are less likely to come into play when administrative zoning decisions are made since these involve the determination of objective facts without an element of discretion. Further, the zoning enabling statutes provide for a *de novo* hearing before the board of adjustment if an applicant or person aggrieved contests "any order, requirement, decision, or determination made by an administrative official" charged with zoning implementation. N.C.G.S. §§ 153A-345(b), 160A-388(b). Absent a showing of undue

8. In *Kendall v. Stafford*, 178 N.C. 461, 101 S.E. 15 (1919), a case involving a pay raise for themselves voted on by a city council, the Court held, "The public policy of the State, found in the statutes and judicial decisions, has been pronounced against permitting one to sit in judgment on his own cause, or to act on a matter affecting the public when he has a direct pecuniary interest, and this is a principle of the common law which has existed for hundreds of years." *Id.* at 464, 101 S.E. at 16; *see generally* David W. Owens, *Conflicts of Interest in Land-Use Management Decisions* (1990).

COUNTY OF LANCASTER v. MECKLENBURG COUNTY

[334 N.C. 496 (1993)]

influence,[9] the fact that an application is made by·an employing unit of government does not in and of itself constitute impermissible bias for administrative zoning decisions.

This Court has previously held that:

When a statute, or ordinance, provides that a type of structure may not be erected in a specified area, except that such structure may be erected therein when certain conditions exist, one has a right, under the statute or ordinance, to erect such structure upon a showing that the specified conditions do exist. The legislative body may confer upon an administrative officer, or board, the authority to determine whether the specified conditions do, in fact, exist and may require a permit from such officer, or board, to be issued when he or it so determines, as a further condition precedent to the right to · erect such structure in such area. Such permit is not one for a variance or departure from the statute or ordinance, but is the recognition of a right established by the statute or ordinance itself. Consequently, the delegation to such officer, or board, of authority to make such determination as to the existence or nonexistence of the specified conditions is not a delegation of the legislative power to make law.

*Jackson v. Board of Adjustment*, 275 N.C. 155, 165, 166 S.E.2d 78, 85 (1969).

· The decision of the panel of the Court of Appeals below held that the same logic that permits the County Commissioners to delegate authority to the Zoning Administrator to issue special use permits also supports our decision that the Commissioners have authority to allow the Zoning Administrator to issue permits

---

9. Examples of conduct that other courts have held to be undue influence in quasi-judicial zoning determinations include: *Jarrott v. Scrivener*, 225 F. Supp. 827 (D.C. 1964) (improper for high government officials to contact subordinate board members prior to decision); *Barkey v. Nick*, 11 Mich. App. 381, 161 N.W.2d 445 (1968) (improper for governing board member to appear before zoning board they appoint); *Place v. Board of Adjustment*, 42 N.J. 324, 200 A.2d 601 (1964) (improper for mayor who appointed board of adjustment to appear before board as attorney). A key element in this determination is the degree of discretion present in the decision, which is also a key factor in the characterization of a decision as quasi-judicial or administrative. "The greater the range of discretion in exercising that authority, the greater must be the concern that the person exercising it be free of conflicting personal interests . . . ." *McVoy v. Board of Adjustment of Montclair Tp.*, 213 N.J. Super. 109, 115, 516 A.2d 634, 637 (1986).

for "uses by right subject to special requirements." We agree. Like the panel below, we hold that County Commissioners have authority to allow the Zoning Administrator to issue permits for "uses by right subject to special requirements."

SUMMARY

We assume standing of the plaintiffs *arguendo*. We hold that the 3 August 1988 judgment in the earlier litigation has no effect on the present litigation. We further hold that the 1 May 1989 amendment to the zoning ordinance constitutes a valid legislative prerogative to change the sanitary landfill use from a "special use permit" category to a "use by right under prescribed conditions" category and that Section 3124 of the Mecklenburg County zoning ordinance, which allows the Zoning Administrator to approve the County's permit application for the siting of a landfill, is constitutional and lawful on its face. The decision of the Court of Appeals is affirmed.

AFFIRMED.