WILLIAM TED GOSSETT, ROBERT M. ABEE AND WIFE, JUDY C. ABEE, PETITIONERS v. CITY OF WILMINGTON, NORTH CAROLINA, ACTING THROUGH ITS CITY COUNCIL, RESPONDENT

No. COA96-306

(Filed 17 December 1996)

### Zoning § 114 (NCI4th)— special use district proceedings are quasi-judicial—erroneous dismissal of writ of certiorari

The denial of plaintiffs' special use district application by the Wilmington City Council was reviewable in the superior court pursuant to a writ of certiorari since the City of Wilmington's special use district proceedings are quasi-judicial rather than legislative because the Wilmington City Charter enacted by the legislature specifically provides for judicial review by certiorari of the City Council's special use district zoning decisions.

**Am Jur 2d, Certiorari §§ 16, 17, 19, 22; Municipal Corporations, Counties, and Other Political Subdivisions § 144; Zoning and Planning § 1025.**

Appeal by petitioners from order entered 2 January 1996 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 20 November 1996.

*Kenneth A. Shanklin, for petitioners-appellants.*

*Thomas C. Pollard, City Attorney for City of Wilmington, for respondent-appellee.*

WYNN, Judge.

Petitioners own a tract of land zoned for residential use within the City of Wilmington ("the City") upon which they proposed to construct forty condominium units. The property in question lies within the South 17th Street Land Use Plan which requires that all rezoning requests to develop land occur through a petition and application under the Special Use Districts provisions (Article XI) of the City Ordinances of Wilmington ("Wilmington Code"). Section 19-122 of the Wilmington Code provides:

If a property owner . . . believes that development of the property in a specific manner will lessen adverse effects upon surrounding properties or otherwise make the rezoning more in accordance

with the policies for growth and development . . . he may apply for rezoning to the appropriate special use district and shall simultaneously apply for a special use permit specifying the nature of his proposed development.

Petitioners, in compliance with the Wilmington Code, applied to have a 3.84 acre site rezoned from an R-15 Residential District to a Multi-Family Residential-Medium Density Special Use District in order to construct the proposed condominiums. The City's Planning Commission approved petitioners' Special Use District Application by a vote of six to zero. The application was then presented to the City Council at a public hearing. Despite the recommendation of the Planning Commission, the City Council rejected petitioners' application and by a vote of five to two denied the requested rezoning.

Petitioners sought review of the City Council's actions by filing a petition for a writ of certiorari in superior court. In response, the City moved to dismiss on the grounds that the court lacked subject matter jurisdiction contending that consideration of a rezoning application is a legislative action and a petition for a writ of certiorari is restricted to the review of administrative or quasi-judicial actions, and not legislative actions. The court granted the City's motion to dismiss and petitioners appeal.

---

The determining issue on appeal is whether the City of Wilmington's special use district proceedings are quasi-judicial in nature thereby allowing review in superior court via a writ of certiorari. Finding that they are, we reverse.

The Wilmington Code provides that "[a] properly submitted application for a special use district incorporates a petition for rezoning and an application for a special use permit into one proceeding and thus constitutes special use district proceedings." Wilmington, N.C., Code § 19-124(b) (1984). Since "the writ of certiorari will lie to review only those acts which are judicial or quasi judicial in their nature" and "does not lie to review or annul any judgment or proceeding which is legislative, executive, or ministerial rather than judicial," *In re Markham*, 259 N.C. 566, 569, 131 S.E.2d 329, 332, *cert. denied*, 375 U.S. 931, 11 L. Ed. 2d 263 (1963), this Court must determine whether the City's special use district proceedings are quasi-judicial or legislative acts. To do so we need look no further than the City's Charter, enacted by the legislature of this state, which provides:

If the petitioner elects to petition for special use district zoning, the petitioner must specify the actual use or uses intended for the property specified in the petition, and the intended use or uses must be permitted in the corresponding general use district either by right or by special use. If the petition is for special use district zoning, the city council is to approve or disapprove the petition on the basis of the uses requested. If the petition is approved, the city council shall issue a special use permit authorizing the requested use or uses with such reasonable conditions as the city council determines to be desirable in promoting public health, safety and [the] general welfare. *Every decision of the city council shall be subject to review by the superior court by proceedings in the nature of certiorari.*

Wilmington Code, § 23.6 (emphasis added).

Since the North Carolina Legislature enacted the Wilmington City Charter including the cited provision allowing for judicial review by certiorari of the city council's special use· district zoning decisions, we hold that it effectively determined the City's special use district zoning proceedings to be quasi-judicial. Thus, the superior court had subject matter jurisdiction over petitioner's petition for a writ of certiorari and acted erroneously in dismissing it. Accordingly, we reverse.

Reversed and remanded.

Judges GREENE and MARTIN, John C. concur.