VILLAGE CREEK PROPERTY OWNERS' ASSOCIATION, INC., JOHN GILLIAM WOOD, THURMAN D. REYNOLDS, JACQUELINE REYNOLDS, WILLIAM GARDNER, RODNEY HARRELL, JOYCE HARRELL, RON HEINIGER, NANCY HEINIGER, RICHARD WHITING, ISABEL WHITING, SUZANNE BURNSIDE, JAMES SMITH, NANCY SMITH, ROBERT ROSSMAN, WANDA ROSSMAN, BRIAN BERRY, MAUREEN BERRY AND ELIZABETH ANDREW, PLAINTIFFS V. THE TOWN OF EDENTON, A MUNICIPAL CORPORATION; ROLAND VAUGHAN, MAYOR; JIMMY ALLIGOOD, WILLIS PRIVOTT, JERRY PARKS, STEVE BIGGS, JERALD PERRY, DON LATHAM AND SAMUEL B. DIXON, COMMISSIONERS; TOWN OF EDENTON PLANNING BOARD; PRESTON SISK, CHAIRMAN, ROSS INGLIS, PHYLLIS BRITTON, DAVID TWIDDY, SAMUEL COX, MEMBERS; ANNE-MARIE KNIGHTON, TOWN MANAGER; CHRIS BRABBLE, ZONING ADMINISTRATOR TOWN OF EDENTON; G.P. COPELAND (ALSO APPARENTLY KNOWN AS GARRY P. COPELAND) AND COLONIAL VILLAGE, AND COLONIAL VILLAGE GROUP, INC., DEFENDANTS

No. COA98-1634

(Filed 2 November 1999)

**1. Declaratory Judgments— standing—aggrieved person or special damages not required**

In a declaratory judgment action seeking a declaration that the adoption of defendant Copeland's rezoning request was invalid and a mandatory injunction to compel the town council to

disapprove the rezoning request, the trial court erred in dismissing plaintiffs' complaint for lack of standing based on plaintiffs' failure to allege special damages under N.C.G.S. § 160A-388(b) because the Declaratory Judgment Act does not require a party seeking relief to be an "aggrieved" person or to otherwise allege special damages. N.C.G.S. ch. 1, art. 26.

**2. Declaratory Judgments— subject matter jurisdiction—conditional use rezoning ordinance**

In a declaratory judgment action seeking a declaration that the adoption of defendant Copeland's rezoning request was invalid and a mandatory injunction to compel the town council to disapprove the rezoning request, the trial court erred in dismissing plaintiffs' complaint based on lack of subject matter jurisdiction because a conditional use rezoning ordinance may be properly challenged by an action for declaratory judgment.

**3. Costs— improper award of attorney fees—complaint contains justiciable issues**

In a declaratory judgment action seeking a declaration that the adoption of defendant Copeland's rezoning request was invalid and a mandatory injunction to compel the town council to disapprove the rezoning request, the trial court erred in granting defendants' motion for attorney fees under N.C.G.S. § 6-21.5 because plaintiffs' complaint contains justiciable issues.

Appeal by plaintiffs[1] from two orders filed 6 August 1998 and from one order dated 8 September 1998 all by Judge J. Richard Parker in Chowan County Superior Court. Heard in the Court of Appeals 5 October 1999.

*The Brough Law Firm, by Michael B. Brough and William C. Morgan, Jr.; Robin M. Hammond; and Edwards & Edwards, by Walter G. Edwards, Jr., for plaintiff-appellants.*

---

1. We note the parties listed as plaintiffs in the complaint, the parties listed as having made the Rule 59 motion, the parties appealing the denial of the Rule 59 motion, and the parties appealing the Rule 12 dismissal are not in every instance the same. Because, however, this disparity has not been raised as an issue, we treat this appeal as having been entered by all those parties listed as plaintiffs in the complaint for declaratory judgment.

*Poyner & Spruill, L.L.P., by Robin Tatum Morris; and by Town of Edenton Attorney W. Hackney High, Jr., for defendant-appellees The Town of Edenton; Roland Vaughan, Jimmy Alligood, Willis Privott, Jerry Parks, Steve Biggs, Jerald Perry, Don Latham and Samuel B. Dixon, Town of Edenton Planning Board; Preston Sisk, Ross Inglis, Phyllis Britton, David Twiddy, Samuel Cox, Anne-Marie Knighton, and Chris Brabble.*

*Herbert T. Mullen, Jr. for defendant-appellee Colonial Village.*

GREENE, Judge.

Village Creek Property Owners' Association, Inc., John Gilliam Wood, Thurman D. Reynolds, Jacqueline Reynolds, William Gardner, Rodney Harrell, Joyce Harrell, Ron Heiniger, Nancy Heiniger, Richard Whiting, Isabel Whiting, Suzanne Burnside, James Smith, Nancy Smith, Robert Rossman, Wanda Rossman, Brian Berry, Maureen Berry, and Elizabeth Andrew (collectively, Plaintiffs) appeal two orders filed 6 August 1998 granting motions by G.P. Copeland (Copeland), Colonial Village, Colonial Village Group, Inc., The Town of Edenton (Edenton), Ronald Vaughn, Jimmy Alligood, Willis Privott, Jerry Parks, Steve Biggs, Jerald Perry, Don Latham, Samuel B. Dixon, Town of Edenton Planning Board, Preston Sisk, Ross Inglis, Phyllis Britton, David Twiddy, Samuel Cox, Anne-Marie Knighton, and Chris Brabble (collectively, Defendants) to dismiss Plaintiffs' complaint and for attorneys' fees; and an 8 September 1998 order denying Plaintiffs' Rule 59 motion.

On 20 August 1997, Copeland submitted to Edenton an application for a conditional use permit for property located on Coke Avenue in Edenton (the property), and on 21 August 1997 submitted an application for a conditional use rezoning of the property. On 14 October 1997, Edenton Town Council (the Council) held a public hearing on Copeland's applications and, on 11 November 1997, the Council voted to approve rezoning of the property and grant Copeland a conditional use permit.

On 7 January 1998, Plaintiffs filed a complaint for declaratory judgment in superior court, seeking, in pertinent part, a declaration that the adoption of Copeland's rezoning request was invalid, and a mandatory injunction compelling the Council to disapprove the rezoning request. Plaintiffs alleged in their complaint they are "residents and/or property owners of [Edenton] and are interested parties pursuant to N.C.G.S. 1-254 whose rights, status or other legal rela-

tions are affected by a municipal ordinance enacted by the Defendant [Edenton] on 11 November 1989."

On 6 May 1998, Defendants filed a motion to dismiss Plaintiffs' complaint on the grounds Plaintiffs did not have standing to file the complaint and the superior court lacked subject matter jurisdiction. On 30 June 1998, Defendants requested an award of attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5.

On 6 August 1998, an order granting Defendants' motion to dismiss Plaintiffs' complaint was filed on the ground the court lacked subject matter jurisdiction. The trial court further granted Defendants' motions for attorneys' fees on the ground there existed no justiciable issue of law.

---

The issues are whether: (I) a party seeking to challenge a zoning ordinance by way of a declaratory judgment action is required to allege special damages; (II) a conditional use rezoning ordinance may be challenged by an action for declaratory judgment; and (III) Plaintiffs' claim contains justiciable issues of law.

I

[1] Defendants argue Plaintiffs' complaint was properly dismissed for lack of standing because Plaintiffs failed to allege special damages in their complaint.[2] We disagree.

A party has standing to challenge a zoning ordinance in an action for declaratory judgment only when it "has a specific personal and legal interest in the subject matter affected by the zoning ordinance and . . . is directly and adversely affected thereby." *Taylor v. City of Raleigh*, 290 N.C. 608, 620, 227 S.E.2d 576, 583 (1976) (citations omitted). The standing requirement for a declaratory judgment action is therefore similar to the requirement that a party seeking review of a municipal decision by writ of certiorari suffer damages "distinct from the rest of the community." *Heery v. Zoning Board of Adjustment*, 61 N.C. App. 612, 614, 300 S.E.2d 869, 870 (1983). When a party seeks review by writ of certiorari, however, our courts have imposed an additional requirement that the party *allege* special dam-

---

2. In this case, the trial court's order dismissing Plaintiffs' complaint did not address whether Plaintiffs had standing. We nevertheless address this issue because subject matter jurisdiction exists only if a plaintiff has standing and subject matter jurisdiction can be raised at any time in the court proceedings, including on appeal. *Union Grove Milling and Manufacturing Co. v. Faw*, 109 N.C. App. 248, 251, 426 S.E.2d 476, 478 (citations omitted), *aff'd*, 335 N.C. 165, 436 S.E.2d 131 (1993).

ages in its complaint. *Id.* This requirement arises from N.C. Gen. Stat. § 160A-388(b) and N.C. Gen. Stat. § 160A-388(e), which allow only "aggrieved" persons to seek review by writ of certiorari.[3] *Heery*, 61 N.C. App. at 613, 300 S.E.2d at 870.

In contrast, the Declaratory Judgment Act, authorizing the filing of declaratory judgment actions, does not require a party seeking relief be an "aggrieved" person or to otherwise allege special damages. N.C.G.S. ch. 1, art. 26 (1996). Furthermore, our courts have not previously held that special damages must be alleged in a declaratory judgment action. *E.g.*, *Godfrey v. Zoning Bd. of Adjustment*, 317 N.C. 51, 66, 344 S.E.2d 272, 281 (1986) (" 'owners of property in the adjoining area affected by [an] ordinance[] are parties in interest entitled to maintain [a declaratory judgment] action' " (quoting *Blades v. City of Raleigh*, 280 N.C. 531, 544, 187 S.E.2d 35, 42 (1972) (citations omitted))). Indeed our Supreme Court has specifically declined to decide whether special damages must be alleged in a declaratory judgment action. *County of Lancaster v. Mecklenburg County*, 334 N.C. 496, 503-04 n.4, 434 S.E.2d 604, 610 n.4 (1993).[4]

Because the zoning statute (the source of the requirement that special damages be alleged in the context of writ of certiorari petitions) does not require parties to be "aggrieved" in order to file a declaratory judgment action and because the Declaratory Judgment Act does not require a pleading of special damages, we hold it is not required. Plaintiffs' complaint should therefore not be dismissed for lack of standing based on Plaintiffs' failure to allege special damages.

II

[2] Plaintiffs argue a conditional use rezoning ordinance may be properly challenged by an action for declaratory judgment. We agree.

---

3. This statute does not address challenges made to municipal zoning ordinances by declaratory judgment actions.

4. We are aware of this Court's opinion in *Davis v. City of Archdale*, 81 N.C. App. 505, 508, 344 S.E.2d 369, 371 (1986), which states a party challenging a rezoning ordinance via a declaratory judgment action "must allege and show damages distinct from the rest of the community." *Id.* (citing *Heery*, 61 N.C. App. at 612, 300 S.E.2d at 869). The North Carolina Supreme Court addressed the *Davis* opinion in *County of Lancaster v. Mecklenburg County*, 334 N.C. 496, 503-04 n.4, 434 S.E.2d 604, 610 n.4 (1993), and, without deciding the issue, noted that *Davis* "alludes to a requirement for 'special damages' distinct from those of the rest of the community to confer standing to challenge a rezoning." *Id.* The *Lancaster* court also noted, however, that the test for standing provided in *Davis* was taken from cases challenging standing in quasi-judicial, rather than legislative, actions. *Id.* We therefore do not read *Davis* as requiring a party challenging a legislative zoning decision in a declaratory judgment action to allege special damages in its complaint.

**VILLAGE CREEK PROP. OWNERS' ASS'N, INC. v. TOWN OF EDENTON**

[135 N.C. App. 482 (1999)]

Conditional use rezoning occurs "when a landowner requests`that some property be placed in a new zoning district that has no permit- ted uses, only special or conditional uses." David W. Owens, *Legislative Zoning Decisions, Legal Aspects* 93 (2d ed. 1999) [here- inafter *Legislative Zoning Decision*]. This practice, approved by the North Carolina Supreme Court in *Chrismon v. Guilford County*, 322 N.C. 611, 617, 370 S.E.2d 579, 583 (1988), requires "two separate deci- sions, with the rezoning decision meeting all of the statutory require- ments for legislative decisions and the permit decision meeting all of the constitutional requirements for quasi-judicial decisions." *Legislative Zoning Decisions*, at 94. While, as a practical matter, a decision granting or denying a conditional use rezoning application may be made concurrently with a decision granting or denying a con- ditional use permit, the municipality is required to make separate decisions regarding a rezoning application and a permit application. *Id.*

Because conditional use rezoning involves a rezoning decision and a permit decision, it follows it is necessary to consider separately how permit and zoning decisions are generally reviewed. A decision to grant or deny a special use or conditional use permit is subject to review by an action before the superior court in the nature of certio- rari. N.C.G.S. § 160A-381(c) (Supp. 1998). The municipality is the trier of fact, and proceedings in the superior court are limited to reviewing the record for errors of law and determining whether the municipal- ity's decision is "supported by competent, material, and substantial evidence" in the whole record. *Ghidorzi Construction, Inc. v. Town of Chapel Hill*, 80 N.C. App. 438, 440, 342 S.E.2d 545, 547 (citation omitted), *disc. review denied*, 317 N.C. 703, 347 S.E.2d 41 (1986).

In contrast, there is no statutory authority or case law addressing the proper method for the review of a conditional use rezoning ordi- nance.[5] Zoning and rezoning ordinances in general, however, are properly challenged by an action for declaratory judgment, *Taylor*, 290 N.C. at 620, 227 S.E.2d at 583; *Blades*, 280 N.C. at 544, 187 S.E.2d at 42, and the trial court is the finder of fact, N.C.G.S. § 1-261 (1996).

5. Defendants contend this issue is controlled by *Gossett v. City of Wilmington*, 124 N.C. App. 777, 478 S.E.2d 648 (1996). In *Gossett*, this Court held a city council's con- ditional use rezoning ordinance was quasi-judicial in nature, and therefore must be challenged in the superior court by writ of certiorari. *Gossett*, 124 N.C. App. at 779, 478 S.E.2d at 649. The *Gossett* court, however, based its decision on the city's charter which was enacted by the legislature and which provided "[e]*very decision of the city coun- cil shall be subject to review by the superior court by proceedings in the nature of certiorari.*" *Id.* (quoting *Wilmington*, N.C., Code § 23.6). Because the *Gossett* holding

Because conditional use rezoning requires a municipality to make a rezoning decision, which is made separate from the municipality's decision to grant or deny a permit, the conditional use rezoning ordinance is properly challenged in the same manner used to challenge zoning or rezoning ordinances in general, which is by a declaratory judgment action.[6] In this case, Plaintiffs' declaratory judgment action thus properly challenged the conditional use rezoning ordinance and the trial court's order dismissing Plaintiffs' complaint for lack of subject matter jurisdiction must be reversed.[7]

### III

[3] Plaintiffs argue the trial court erred by awarding Defendants attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5. We agree.

A court may award an attorney's fee to a prevailing party under N.C. Gen. Stat. § 6-21.5 "if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." N.C.G.S. § 6-21.5 (1997). We have determined Plaintiffs' complaint contains justiciable issues, and we therefore reverse the trial court's order granting Defendants' motions for attorneys' fees.

Reversed and remanded.

Judges WALKER and HUNTER concur.

---

was based on the specific language in the city's charter, enacted by the legislature, we do not read it to hold that every action challenging a municipality's conditional rezoning ordinance must be in the nature of certiorari.

In contrast to the Wilmington charter, the Edenton ordinance provides for certiorari review only of decisions by the town "granting or denying a conditional use permit." Town of Edenton, N.C., Unified Development Ordinance § 116(a) (1996). It is silent on the method for review of its conditional use rezoning decisions.

6. A party may therefore challenge a conditional use permit by writ of certiorari under N.C. Gen. Stat. § 160A-381, while simultaneously challenging, by a declaratory judgment action, the rezoning ordinance under which the challenged permit has been granted. There is no requirement, as Defendants contend, that Plaintiffs first seek review of the grant of the conditional use permit and then, if that grant is sustained, seek review of the conditional use rezoning ordinance.

7. We note Plaintiffs do not challenge the issuance of the conditional use permit and that issue is not therefore before the superior court.