M. JAY DEVANEY AND MATTHEW W. DEVANEY, PLAINTIFFS v. CITY OF BURLINGTON, DEFENDANT

No. COA00-240

(Filed 1 May 2001)

## 1. Zoning— city council decision—quasi-judicial rather than legislative

The trial court erred by affirming the Burlington City Council's decision to deny an application for a Manufactured Housing Overlay District (MHOD) where the City Council clearly believed (and the trial court explicitly found) that the Council was involved in a legislative decision. Rather than applying the criteria of the zoning ordinance in a quasi-judicial proceeding, the Council used the hearing as an opportunity to solicit the opinion of neighboring property owners and made no findings for the Superior Court to review. This procedure is inconsistent with *Northfield Dev. Co. v. City of Burlington*, 136 N.C. App. 272.

## 2. Zoning— authority of City Council—Manufactured Housing Overlay District

Plaintiffs seeking a Manufactured Housing Overlay District (MHOD) from the Burlington City Council were not entitled to approval of their application as a matter of right, despite a provision in the Burlington City Code providing that MHODs are permitted by right in certain districts, because it has been held previously that the City Council retains the discretion to make the designation.

Appeal by plaintiffs from order and judgment entered 16 August 1999 by Judge James C. Spencer, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 13 March 2001.

*Adams, Kleemeier, Hagan, Hannah & Fouts, by David S. Pokela, for plaintiff-appellants.*

*Robert M. Ward, Burlington City Attorney, and Thomas, Ferguson & Charns, L.L.P., by Jay H. Ferguson, for defendant-appellee.*

HUDSON, Judge.

Plaintiffs appeal an "Order and Judgment" of the Alamance County Superior Court affirming the Burlington City Council's denial of their application for a Manufactured Housing Overlay District. Plaintiffs filed a complaint alleging the following: in November 1997, they contracted to purchase approximately 30 acres of property located in Burlington's extra-territorial zoning jurisdiction. On 18 December 1997, plaintiffs submitted an application to the City of Burlington (the City) for approval of their property as a Manufactured Housing Overlay District [MHOD]. N.C.G.S. § 160A-383.1 (1999) permits cities to designate MHODs within their residential districts in order to facilitate the public's access to affordable housing.

MHODs are authorized by Section 32.2R of the Burlington City Code, which provides that MHODs may "overlay R-6, R-9 and R-12 Residential Districts." Section 32.2R includes a list of requirements that a manufactured housing district and the homes within it must meet. A table contained in Section 32.9 of the City Code indicates that MHODs are "permitted by right" within its R-6, R-9, and R-12 zoning districts. Plaintiffs' property is located in an R-9 district. Section 32.2R(3)(C) of the Code further provides: "The Burlington City Council shall have the authority to designate, amend or repeal [MHODs] and/or subdivisions. Requests regarding [MHODs] shall be processed in accordance with the provisions of the Burlington Zoning Ordinance."

On 23 February 1998, the City's Planning Commission denied plaintiff's application for an MHOD. On appeal, a public hearing was held before the City Council, which voted to deny the application as well.

Plaintiffs filed the present suit in Alamance County Superior Court requesting that the City be ordered to approve their application, as the Burlington City Code provides that MHODs are "permitted by right" in R-9 districts. Plaintiffs also alleged the City "has violated the terms and spirit of its own Ordinance and N.C.G.S. § 160A-383.1 by consistently denying applications for [MHODs]."

N.C.G.S. § 160A-383.1(c) mandates that a "city may not adopt or enforce zoning regulations or other provisions which have the effect of excluding manufactured homes from the entire zoning jurisdiction." Finally, plaintiffs alleged that the denial of their application was arbitrary and capricious and violated their equal protection rights in violation of Article 1, Section 19, of the North Carolina Constitution.

After an evidentiary hearing, the trial court rendered an "Order and Judgment" concluding that there is no entitlement to the grant of an MHOD permit as a matter of right under the Burlington City Code, and that plaintiffs had not demonstrated the City had excluded manufactured housing from its zoning jurisdiction in violation of G.S. § 160A-383.1(c). It furthermore concluded:

3. The grant or denial of such MHOD is in the nature of a zoning classification and as such is legislative in character.

4. The determination respecting the grant or denial of an application for a MHOD being a legislative, rather than a quasi-judicial function, the Court is not free to substitute its judgment for that of the legislative body so long as there is some plausible basis for the conclusion reached by that body (the Burlington City Council).

5. Whether the City Council's determination to deny the plaintiffs' application for the MHOD was arbitrary or capricious is at least fairly debatable and the Court cannot say that the Council's determination was not rationally related to a legitimate governmental objective respecting the interests of the public health, safety, morals or general welfare.

Thus, the trial court ruled for the City on all claims brought by plaintiffs. Plaintiffs thereafter filed notice of appeal to this Court.

[1] Plaintiffs contend the trial court erred in deciding that the actions of the City Council in denying their application for an MHOD were not arbitrary and capricious. This Court has previously addressed a situation in which the Burlington City Council considered and denied an appellant's application for an MHOD. *See Northfield Dev. Co. v. City of Burlington*, 136 N.C. App. 272, 523 S.E.2d 743, *aff'd in part and review dismissed in part*, 352 N.C. 671, 535 S.E.2d 32 (2000). (The hearing before the City Council and the entry of the Superior Court's judgment in this case both predated the *Northfield* decision.) In *Northfield*, we determined that the City Council's action in deciding whether to approve an MHOD is quasi-judicial, in that it involves the

application of set policies to an individual situation. *See* 136 N.C. App. at 282, 523 S.E.2d at 750. In this way, decisions on MHODs are analogous to decisions to grant or deny variances or special use permits. *See id.*

> When an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit, *prima facie* he is entitled to it. A denial of the permit should be based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record. In no other way can the reviewing court determine whether the application has been decided upon the evidence and the law or upon arbitrary or extra legal considerations.

*Refining Co. v. Board of Aldermen*, 284 N.C. 458, 468, 202 S.E.2d 129, 136 (1974) (citations omitted). Furthermore,

> due process requirements for quasi-judicial zoning decisions mandate that all fair trial standards be observed when these decisions are made. This includes an evidentiary hearing with the right of the parties to offer evidence; cross-examine adverse witnesses; inspect documents; have sworn testimony; and have written findings of fact supported by competent, substantial, and material evidence.

*County of Lancaster v. Mecklenburg County*, 334 N.C. 496, 507-08, 434 S.E.2d 604, 612 (1993).

In the present case, a public hearing was held before the City Council on 5 May 1998 to determine whether to grant plaintiffs' application for an MHOD. The two plaintiffs made arguments in favor of granting their application, and a number of people living near the property proposed for the MHOD expressed their views against it. At one point, the mayor asked for a show of hands of people present who were opposed to the MHOD. The City Council ultimately voted to deny the application. It did not make any findings of fact to support its decision.

> Before making a quasi-judicial decision, the citizen board involved must conduct a fair evidentiary hearing to gather the necessary evidence on which to base a decision. The purpose of this hearing is to gather evidence in order to establish sufficient facts to apply the ordinance. *The purpose is not to gather public opinion about the desirability of the project involved.*

David W. Owens, *Introduction to Zoning* 50 (Institute of Government, University of North Carolina at Chapel Hill 1995) (emphasis in original).

Not having the benefit of the *Northfield* decision, the City Council in this instance clearly believed, and the Superior Court reviewing its actions explicitly found as fact, that the Council was involved in a legislative decision. Rather than attempt to apply the criteria of the City's zoning ordinance to the situation at hand in a quasi-judicial proceeding, the City Council used the hearing as an opportunity to solicit the opinion of neighboring property owners on the propriety of approving the MHOD. Furthermore, the City Council made no findings of fact for the Superior Court to review. As such, this procedure was clearly inconsistent with *Northfield,* and the Superior Court's "Order and Judgment" affirming the City Council's decision must be vacated.

[2] Plaintiffs additionally argue they were entitled to approval of their application for an MHOD permit as a matter of right. Burlington City Code Section 32.9 provides that MHODs are "permitted by right" in R-9 districts. This Court has previously held that Section 32.9 does not obligate the Burlington City Council to approve MHODs; rather, under Section 32.2R(3)(C), which provides that the "City Council shall have the authority to designate" MHODs, it "retains the discretion to make the designation." *Northfield Dev. Co.*, 136 N.C. App. at 281, 523 S.E.2d at 749. Indeed, the making of quasi-judicial decisions involves "the exercise of some discretion in applying the standards of the ordinance." *County of Lancaster*, 334 N.C. at 507, 434 S.E.2d at 612.

Given that we have decided the City Council used the incorrect standard in making a decision on plaintiffs' application for an MHOD, we decline to address plaintiffs' argument that the City has enforced its zoning regulations in such a manner as to violate N.C.G.S. § 160A-383.1(c). Furthermore, we need not address the trial court's refusal to allow plaintiffs to elicit certain testimony from the City's planning director in their effort to establish that the City Council acted in an arbitrary and capricious manner.

In conclusion, we vacate the trial court's "Order and Judgment" and remand to the Superior Court to remand to the City for the determination in a quasi-judicial hearing of the propriety of granting plaintiffs' application.

Vacated and remanded.

Judges GREENE and McCULLOUGH concur.